**STATE of Missouri, Respondent,**

v.

**Darryl BIBBS, Appellant.**

**No. 46208.**

Missouri Court of Appeals,
Eastern District,
Division Eight.

Nov. 1, 1983.

John J. Johnson, Evans & Dixon, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for respondent.

GAERTNER, Judge.

Appellant, Darryl Bibbs, was convicted at a jury trial of robbery in the first degree and sentenced by the court as a persistent and dangerous offender to 20 years imprisonment.

On December 8, 1981, Victoria Egan was employed as a bookkeeper in a restaurant. Two men entered her office. One held her with a sharp instrument against her neck. The men obtained keys from her desk, rifled the desk drawers and stashed money, receipts and other papers in a briefcase. The entire incident lasted approximately 8 minutes during which time both men were in close proximity to Mrs. Egan in a well lighted room. As the two robbers fled from the restaurant they passed within 5 feet of Peter Barnett, the restaurant chef. He watched them enter an automobile and noted the license plate number. This, together with a description of the car and the individuals was broadcast on the police radio. Within minutes thereafter a St. Louis police officer observed the car. A high speed chase ensued during which a briefcase containing money, receipts and papers was thrown from the car by the defendant. The receipts and papers were identified as those taken from the restaurant. Defendant was apprehended as he ran from the pursued automobile. Within 2 hours of the robbery, he was identified by Egan and Barnett in a 4 man lineup. The defense was alibi.

On appeal, appellant asserts error in the admission of the in-court identification testimony of Egan and Barnett, claiming this identification was tainted by a suggestive lineup and he also complains of instructional error.

Appellant's complaint concerning the lineup is predicated upon the fact that of the four men in the lineup he alone had a beard. This would seem to be just one more of the cases occurring with increasing frequency in which police are exhibiting what may be euphemistically termed carelessness in the assembling of lineup participants. We repeat the caveat we have expressed previously that such a practice may, in some cases, materially infringe upon the Constitutional rights of a defendant and necessitate suppression of in-court identification. This, however, is not such a case.

In *State v. Robinson,* 641 S.W.2d 423, 427 (Mo. banc 1982), the Supreme Court of Missouri has recently set forth the well established principals upon which in-court identification following a suggestive lineup should be tested:

"[7–9] The linchpin of due process in identification questions is reliability, rather than suggestiveness. *Manson v. Brathwaite,* 432 U.S. 98, 114, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977). Where an in-court identification is reliable, it will not be invalidated because out-of-court identification procedures are suggestive. *State v. Kirk,* 636 S.W.2d 952, 955 (Mo.1982). In determining reliability, the court looks at the 'totality of the circumstances,' including the opportunity of the witness to view the criminal at the time of the crime; the witness's degree of attention; the accuracy of the witness's prior description of the criminal; the level of certainty demonstrated by the witness at the confrontation; and the length of time between the crime and the confrontation. *State v. Charles,* 612 S.W.2d 778, 780 (Mo. banc 1981).

From the statement of facts set forth above it is obvious that the evidence in this case establishes a high degree of reliability to the identification of both Egan and Barnett. A contention identical to that made by appellant here, invalidity of a lineup in which he was the only bearded participant, was held, in *State v. Tidwell,* 500 S.W.2d 329 (Mo.App.1973), to be insubstantially suggestive in the face of otherwise reliable identification. We also note the strong evidence of guilt found in the police officer's observance of defendant's attempt to rid himself of the fruits of his crime during the pursuit. Appellant's first point has no merit.

Finally, appellant urges us to find error in that the court gave paragraphs 1 and 2 of M.A.I. CR2d 2.10, but did not give paragraph 3 thereof and also failed to give M.A.I. CR2d 2.12. These instructions are concerned with liability as an accessory. The verdict directing instruction given by the court, M.A.I. CR2d 23.03, required the jury to find appellant guilty as a principal or to find him not guilty. Under the evidence, defendant could have been found guilty either as a principal or as an accessory. Narrowing the basis for conviction operated to appellant's benefit, not to his detriment. *State v. Murray*, 630 S.W.2d 577 (Mo. banc 1982). Therefore, while the court erred in failing to comply with the appropriate M.A.I. CR notes on use, there was no prejudicial effect resulting from such failure. Rule 28.02(e).

The judgment is affirmed.

CRIST and KAROHL, JJ., concur.