STATE of Missouri,
Plaintiff-Respondent,

v.

Jimmy Marion CARTER,
Defendant-Appellant.

No. 13796.

Missouri Court of Appeals,
Southern District,
Division Three.

April 22, 1985.

Motion for Rehearing and to Transfer Denied May 14, 1985.

Application to Transfer Denied June 25, 1985.

C.J. Larkin, Public Defender, Columbia, for defendant-appellant.

John Ashcroft, Atty. Gen., Gary L. Gardner, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

MAUS, Judge.

Appellant was charged with the class A felony of robbery in the first degree for the holdup of a grocery store. Appellant was found guilty by a jury. He was sentenced to imprisonment for 22 years as a persistent offender.

A brief outline of the pertinent evidence will suffice for consideration of appellant's three points on appeal. Shortly before 10:00 p.m. on June 18, 1982, a man wearing blue jeans, a long-sleeved velour V-neck sweater and dark sunglasses approached the office window of the grocery store. He stuck a gun through the window slot, handed a black bag to the two employees in the office and told them to put all the money in it. They complied and he fled. While he was in the store, the robber had been observed by a clerk in addition to the two office employees.

On the night of the robbery, the three store employees gave the police detailed descriptions of the robber. All the employees noticed a tattoo on the left arm of the robber below the rolled up sleeve of his sweater. Based upon these descriptions, five days later the police assembled a photographic lineup from which the two office employees each separately and quickly identified the defendant's picture. It is not clear whether or not the clerk was shown that lineup. All three store employees made in-court identifications of the appellant as the robber. Also introduced into evidence was a dark blue, long-sleeved velour V-neck sweater identified by the witnesses as being similar to the one worn by the robber.

By his first point appellant contends that it was impermissible to allow the identification testimony of the two office employees because it was based on a prejudicial photographic lineup. Appellant claims prejudice in that appellant appeared in two of the five photographs, both photos of appellant showed his tattoo, appellant was the only individual shown with a tattoo on his arm and two of the individuals in the photos were men with mustaches even though the robber was described as clean-shaven.

■ The linchpin of due process identification questions is reliability, rather than suggestiveness. *State v. Robinson*, 641 S.W.2d 423 (Mo. banc 1982).

In determining reliability, the court looks at the 'totality of the circumstances,' including the opportunity of the witness to view the criminal at the time of the crime; the witness's degree of attention; the accuracy of the witness's prior description of the criminal; the level of certainty demonstrated by the witness at the confrontation; and the length of time between the crime and the confrontation.

Id. at 427.

Both of the employees who identified appellant in the photographic lineup, as well as at trial, had ample opportunity to view the robber while he was in the store. One of those employees had noticed the man in the store earlier in the evening and then observed him again for approximately one-half hour before the robbery took place. She said, "he stuck out to me because he had on a velour sweater and black sunglasses, dark sunglasses, and I thought it odd for someone to be in the store at night-time with sunglasses, and especially as hot as it was to have that velour sweater on." The other of those employees stood face to face with the robber while the robbery was in progress. As stated, the employees had given the police detailed descriptions of the robber immediately after the robbery took place. One remembered that the robber had a dimple on his chin. Also as stated, each office employee, without hesitation, identified appellant in the photographic lineup.

■ It is impossible to assemble a photographic lineup of pictures of individuals who have features and markings similar in all respects. It is not required that in such a lineup all distinguishing features of the subjects be obscured. "That one among the array is marked by a physical feature more prominent than that of any other—such as an unusual height—does not necessarily invalidate an otherwise fairly induced identification." *State v. Gates*, 637

S.W.2d 280, 285 (Mo.App.1982). The five pictures shown the witnesses were all of men of similar age, stature and coloration. Their facial characteristics are generally similar. One has a tattoo on his chest. One picture of the defendant, identified by one of the witnesses, had been taken eleven years earlier. "[A] criminal defendant is not deprived of due process unless the identification procedures used are so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *State v. Trimble,* 654 S.W.2d 245, 254 (Mo.App.1983). Measured by established standards, the photographic lineup was not impermissibly suggestive. *State v. Bibbs,* 660 S.W.2d 750 (Mo.App. 1983).

■ Further, each witness was unequivocal in his or her in-court identification. It is significant one commented that appellant's hair was shorter at the time of trial than on the night of the robbery. It is manifest from their testimony that the in-court identifications by these witnesses were not dependent upon the photographic lineup. "An in-court identification which is based on a recollection independent of the pretrial identification will be deemed proper." *State v. Craven,* 657 S.W.2d 357, 361 (Mo.App.1983). The in-court identifications of appellant as the robber clearly met this test. Appellant's first point is denied.

■ Appellant's second point is that the trial court erred in refusing to give a proffered cautionary instruction on the reliability of eyewitness identification. It is unnecessary to belabor this point. The tendered instruction is not in MAI–CR2d. It is substantially the same as the identification instruction tendered in *State v. Quinn,* 594 S.W.2d 599 (Mo. banc 1980). That controlling decision has not been questioned, but followed in numerous cases. See cases collected in 13 Mo.Dig.2d Criminal Law Key Number 829(4). It was not error to refuse the tendered instruction. *State v. Quinn,* supra.

Appellant's third and final point on appeal is that the velour sweater should not have been introduced because it was irrele-

vant and insufficiently linked to the appellant in that it was not taken from his person and was not found at the scene of the crime. The sweater was found in a roadside ditch by a police officer. One employee stated positively that the sweater in evidence was the one worn by the robber. Two store employees stated that it looked like the shirt the man had on. Most significantly, another witness stated that the shirt was similar to one worn by the appellant earlier in the evening on the date of the robbery.

■ Demonstrative evidence is admissible as relevant if it throws light upon a material matter at issue or tends to establish any fact in issue or aids the jury in any way in arriving at a correct verdict. *State v. Dodson,* 642 S.W.2d 641 (Mo.1982).

■ To support his point, appellant quotes, "Weapons and objects not connected with the defendant or the crime are not admissible unless they possess some probative value." *State v. Murphy,* 610 S.W.2d 382, 385 (Mo.App.1980). This argument is self-defeating. It was not necessary the sweater be identified as the very sweater worn by the robber. *State v. Daniels,* 655 S.W.2d 106 (Mo.App.1983). It was sufficient that it "looks like the shirt he had on, it's made like it, looks like it, same color." Testimony the defendant was wearing a similar sweater earlier in the evening connected it to the defendant. Without consideration of other arguments for its admissibility, for this reason alone, it was not error to admit the sweater.

The judgment is affirmed.

CROW, P.J., PREWITT, C.J., and TITUS and FLANIGAN, JJ., concur.