STATE of Missouri, Respondent,

v.

Andrew THOMPSON, Appellant.

No. 55655.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 12, 1989.

Henry B. Robertson, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Stewart M. Freilich, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals his conviction by a jury of robbery second degree, in violation of § 569.030, RSMo 1986. Defendant was sentenced as a prior offender to ten years' imprisonment. We affirm.

The evidence, viewed in a light most favorable to the State, reveals on August 22, 1987 at approximately 11 p.m., John Hicks stopped his car along a roadway. Hicks got out of his car to raise the hood of his car. He observed another car containing four individuals pull over a few feet behind him. A man in a white tee-shirt got out of the other car and approached Hicks. As Hicks was pulling the hood down the man in the white tee-shirt hit Hicks over the head with a weapon. Hicks was knocked to the ground. He then observed another man jump out of the car and approach him. The two men went through Hicks' pockets taking twenty dollars from him. Then the two men entered Hicks' car and drove away. The man in the white tee-shirt was driving.

After the two men drove away, Hicks got up, walked to a phone and called the police. The police found the stolen car on August 26, 1987. On the same date, Hicks viewed a four-man lineup in which he identified defendant as the man wearing the white tee-shirt, and who initially knocked him down and drove his car away.

A jury trial was held on August 30, 1988. The jury returned a verdict of guilty of robbery in the second degree. Defendant contends the trial court committed plain error in giving Instruction No. 5 because it failed to inform the jury of the law of accomplice liability.

Defendant failed to object to the instruction in his motion for new trial; therefore, we review his point for plain error. Rule 30.20.

Paragraph first of Instruction No. 5 states in part "[d]efendant and Marvin Williams took a 1985 Fleetwood Cadillac ... which was property in possession of John Hicks...." Defendant contends this language attributed the taking of the victim's property to defendant and his alleged accomplice. However, no instruction on accomplice liability was given.

The test for plain error regarding instructions is that the trial court must have so misdirected or failed to instruct the jury on the law of the case so as to cause manifest injustice. *State v. Preston*, 673 S.W.2d 1, 9 [22, 23] (Mo. banc 1984).

Instruction No. 5, which set forth the elements of robbery in the second degree, was patterned after MAI–CR3d 323.-04. The State's evidence showed defendant used physical force against Hicks, defendant took money from Hicks' pocket, and defendant left the scene driving Hicks' car. Hicks identified defendant in a lineup. From this evidence, the jury could have reasonably inferred defendant committed all the elements of robbery in the second degree.

Although the submitted instruction mentions Marvin Williams, the instruction only permitted the jury to convict defendant for his own conduct. MAI–CR3d 304.04: Defendant's Responsibility For Conduct of Another Person permits a jury to convict one based on the actions of another. By submitting Instruction No. 5, instead of an instruction on accomplice liability, the State assumed a higher burden of proving defen-

dant committed robbery in the second degree by himself thus denying the State the opportunity to rely on any acts of defendant's companion. *State v. Tolson,* 630 S.W.2d 611, 613 [5, 6] (Mo.App.1982).

The instruction permitted the jury only to convict defendant if he took Hicks' car, if defendant did so for the purpose of withholding it permanently from Hicks, and if defendant used physical force against Hicks. The evidence supported this instruction. There was no manifest injustice to defendant. Point denied.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.