STATE of Missouri,
Plaintiff–Respondent,

v.

Vincent J. CHILDERS,
Defendant–Appellant.

Nos. 54633, 56428.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 1, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 30, 1990.

Application to Transfer Denied
July 31, 1990.

Stormy B. White, Douglas W. Hartig, Asst. Public Defenders, Clayton, for defendant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

STEPHAN, Judge.

Vincent Childers appeals from the judgment of the trial court following his conviction of two counts of rape under Section 566.030, RSMo 1986, two counts of burglary in the first degree under Section 569.-160, RSMo 1986, and one count of robbery in the second degree under Section 569.030, RSMo 1986. The trial court sentenced appellant as a persistent offender to two consecutive thirty year terms of imprisonment for the two counts of rape, and three concurrent thirty year terms for the other three charges for a total of sixty years imprisonment.

Appellant also appealed from the denial without an evidentiary hearing of his Rule 29.15 motion; however, he has abandoned that appeal. We affirm the judgment of the trial court.

Appellant's two points on appeal both assert instructional errors. At the outset, we note appellant failed to raise his complaints concerning the instructions either at trial or in his motion for a new trial. His points of alleged instructional error are not properly preserved for appellate review. Rules 28.03 and 29.11(d); *State v. Martin*, 620 S.W.2d 54, 55 (Mo.App.1981). In our discretion we may examine the instructions to determine whether they erroneously state the law and whether giving them caused manifest injustice or a miscarriage of justice. Rule 30.20.

■ Keeping in mind this standard of review, we address appellant's points. Appellant first argues that in several instructions, patterned after MAI–CR3d 306.02, the inclusion of certain parenthetical material effectively denied him the opportunity to provide the jury with evidence of his mental disease or defect defense which appellant raised pursuant to Section 552.030, RSMo 1986.

The jury instructions in question track MAI–CR3d 306.02 Part A–General Instructions which provides:

One of the issues (as to Count __) (in this case) is whether the defendant lacks responsibility by reason of mental disease or defect. In this state, a person is not responsible for criminal conduct if, at the time of such conduct, as a result of mental disease or defect, he did not know or appreciate the nature, quality, or wrongfulness of his conduct or was incapable of conforming his conduct to the requirements of law.

The terms "mental disease or defect" mean any mental abnormality, regardless of its medical label, origin, or source. (However, it does not include (an abnormality manifested only by repeated antisocial conduct) (or) (alcoholism without psychosis) (or) (drug abuse without psychosis).)

MAI–CR3d 306.02 Part A–General Instructions.

The jury instructions as given, based on MAI–CR3d 306.02, all provided in pertinent part as follows:

The terms "mental disease or defect" mean any mental abnormality regardless of its medical label, origin, or source. *However, it does not include an abnormality manifested only by repeated antisocial conduct.* (Emphasis added.)

Note 5 of the *Notes on Use* relating to MAI–CR3d 306.02 states, in pertinent part, that "[t]he parenthetical material in the

second paragraph of Part A may be given *only if* there is testimony that defendant had an abnormality manifested *only by* repeated antisocial conduct." (Emphasis added.)

The gist of appellant's complaint is that where there is evidence that defendant has an abnormality manifested *not only* by repeated antisocial conduct, but also an abnormality attributable to mental disease or defect, the parenthetical phrase should not be included in the instruction. Appellant's apparent concern is that the inclusion of this phrase may permit the jury to mischaracterize evidence of mental disease or defect as evidence of repeated antisocial conduct, thus effectively eviscerating a "mental disease or defect" defense.

Appellant emphasizes that the evidence in the case at bar reflected not only "repeated antisocial conduct", but also behavior caused by mental disease or defect. Appellant acknowledges that appellant's illegal entries into the apartments of the three different victims on three separate occasions and his sexual attacks on them demonstrated "repeated antisocial conduct." However, appellant highlights other evidence that he suffered from mood swings and gender confusion, dressed in women's undergarments in the commission of his crimes and wore a foul-smelling substance. Appellant argues such behavior manifests mental disease or defect, and not merely "repeated antisocial conduct." Appellant concludes the existence of this evidence constituting mental disease or defect required the trial court to omit, rather than to include, the part of the instruction stating mental disease or defect "does not include an abnormality manifested only by repeated antisocial conduct."

In *State v. Collier*, 624 S.W.2d 30, 34 (Mo.App.1981), we held that the parenthetical matter was properly included in the instructions because "where evidence refers to any one or more of such matters, (referring to parenthetical instructions in MAI–CR 2.32),[1] then they should be included in the instruction." The jury in *Collier* heard a complex insanity defense where testimony for the defendant pointed to paranoid-schizophrenia; rebuttal testimony, however, pointed to no mental disease or defect under Missouri law. 624 S.W.2d at 34. We determined that the parenthetical instructions assisted the jury in its deliberations. *Id.*

Inclusion of the parenthetical instruction in MAI–CR2d 2.32[2] has also been held to minimize jury confusion by omitting extraneous matters "even when no testimony pointed to an exclusion." *State v. Smith*, 649 S.W.2d 417, 432 (Mo. banc 1983), *cert. denied* 464 U.S. 908, 104 S.Ct. 262, 78 L.Ed.2d 246 (1983). Our Missouri Supreme Court further added that with evidence of any parenthetical exception *and* mental disease or defect, the inclusion of the parenthetical matters in MAI–CR2d 2.32 served "to clarify the law for the jury by distinguishing between these conditions." *Smith*, 649 S.W.2d at 432.

Here, the jury heard a defense claiming mental disease or defect excluding criminal responsibility, along with the state's rebuttal testimony of abnormalities manifested only by repeated antisocial conduct. At trial, during rebuttal for the state, Dr. Michael Armour, a clinical psychologist, testified that appellant suffered from a personality disorder with antisocial and borderline features. Dr. Robert Carafoil, another witness for the state, testified that appellant's acts were "reflections of antisocial behavior." The parenthetical portion of the instruction clarified the law because the state's evidence showed repeated antisocial conduct while appellant's pointed to mental disease or defect. The trial court did not abuse its discretion in permitting the parenthetical matter in MAI–CR3d 306.02 to be included in the instructions given.

Furthermore, appellant is presumed free of mental disease or defect excluding responsibility and carries the burden to con-

---

**1.** MAI–CR 2.32 is identical to its successor MAI–CR2d 2.32 which was revised by MAI–CR3d 306.02. The parenthetical portion of the instructions complained of here is identical in all three variants, MAI–CR 2.32, MAI–CR2d 2.32, and MAI–CR3d 306.02.

**2.** See note 1.

vince the jury, as the trier of fact, that the evidence substantially supports his acquittal under the defense of mental disease or defect. Section 552.030(6), RSMo 1986. At trial appellant presented Dr. Kabir who testified that, based on his examination, appellant suffered from mental disease or defect. That the jury rejected the testimony of appellant's expert witness does not support appellant's claim that he was precluded from introducing evidence of his defense or that the jury failed to consider this evidence. Appellant's first point is denied.

■ Appellant's second point asserts that the failure of the jury instructions to define the term "antisocial conduct" permitted the jury to disregard appellant's defense of mental disease or defect and to make an arbitrary and capricious decision based on a vague term.

■ This issue, like appellant's first, was not properly preserved for our review because appellant failed to make a timely objection. Rules 28.03 and 29.11(d). Plain error in jury instructions is demonstrated if manifest injustice or a miscarriage of justice results from a trial court's misdirection of or a failure to instruct the jury on the law. *State v. Thompson*, 781 S.W.2d 247, 248 (Mo.App.1989). The issue, therefore, is whether the absence of a definition of "antisocial conduct" amounts to either a misdirection or failure to instruct the jury on the law.

■ Where the *Notes on Use* do not require or permit definition of a term, word or phrase, no definition instruction may be given even if requested by counsel or the jury. *State v. Taylor*, 746 S.W.2d 102, 104 (Mo.App.1988); MAI–CR3d 333.00, *Notes on Use* 2. Nothing in the language of MAI–CR3d 306.02 or in its accompanying *Notes on Use* requires or permits a court to provide a jury with a definition of "antisocial conduct". MAI–CR3d 333.00, *Notes on Use* 2 (F) is clear that "where definitions are not permitted ... each word used in the instruction has its common and generally understood meaning." Here, the instructions were identical in language and format to the approved instructions set out in MAI–CR3d 306.02. "An instruction which exactly follows the format of an approved criminal law instruction will not be deemed to be error." *State v. Hawkins*, 703 S.W.2d 67, 70 (Mo.App.1985).

"Antisocial conduct", on its face, is self-defining. As such, no manifest injustice or miscarriage of justice occurred here where the jury was free to attach the common and generally understood meaning to the term. Appellant's second point is without merit and is denied. Judgment affirmed.

HAMILTON, P.J., and CARL R. GAERTNER, J., concur.