**STATE of Missouri, Plaintiff–Respondent,**

v.

**Edward L. WADE, Defendant–Appellant.**

**No. 17102.**

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 18, 1991.

For his first point, defendant asserts that there was insufficient evidence to support the charge as there was no evidence defendant had an "intent to defraud".

"[P]urpose to defraud" is an essential element of forgery. § 570.090.1, RSMo 1986. In reviewing to see whether there was evidence of such purpose, this court accepts as true all direct and circumstantial evidence and all reasonable inferences which are most favorable to the state and disregards contrary evidence and inferences. *State v. Counts*, 782 S.W.2d 829 (Mo. App.1990).

Defendant admitted that he signed the names of Enrique Martin-del-campo and Maria Martin-del-campo to a promissory note when he was not authorized to do so. He then transferred the purported note to Stanley Sheets and Gail Sheets, receiving the face value of the note, less 10 percent.

An intent to defraud can be inferred from transferring a document purported to have been made by another, when the transferor knows it was not made as purported. See *State v. Hogshooter*, 640 S.W.2d 202, 204 (Mo.App.1982). Whether defendant may have intended to pay the Sheets does not change the result. The jury could find defendant had a purpose to defraud the Sheets when he gave them a false document and received funds from the Sheets for it, leaving them no recourse against the purported makers. Point one is denied.

Defendant contends in his second point the court erred in not submitting to the jury a proposed instruction defining "defraud" patterned after the discussion of that term in *State v. Harris*, 313 S.W.2d 664, 670 (Mo.1958). Defendant emphasizes that after the instruction was denied, the jury, during its deliberations, requested the court to define "defraud". The judge responded that he could not do so. The message he sent is set forth marginally.[1]

William J. Fleischaker, Roberts, Fleischaker & Williams, Joplin, for defendant-appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PREWITT, Presiding Judge.

Following jury trial defendant was convicted of forgery and sentenced to seventy-five days in the county jail. Defendant appeals, presenting two points relied on.

1. Ladies and gentlemen, the law requires the Court instruct the jury in writing at the conclusion of the case. The Court's instructions 1 through 10 contain all the law which you require for reaching a verdict. I am unable to give you further instructions. Please review the Court's instructions and see whether you are able to reach a verdict.

MAI–CR3d 333.000, Notes on Use, 2F provides:

> F. A definition of a term, word, or group of words shall not be given unless permitted by paragraphs A, B, C, D, or E above, even if requested by counsel or the jury. If the jury, while deliberating, requests the definition of a term whose definition is not permitted by paragraphs A, B, C, D, or E above, the following response is suggested:
>
> > I am not permitted to define the word(s) ____ for you. (Except for those terms for which you have been supplied definitions, each) (Each) word used in the instruction has its common and generally understood meaning.

"Words are not to be defined in an instruction unless specifically authorized by MAI–CR." *State v. Richards*, 795 S.W.2d 428, 433 (Mo.App.1990). See also *State v. Childers*, 791 S.W.2d 779, 782 (Mo.App. 1990) (where notes on use do not require or permit a definition, none may be given even if requested by counsel or the jury).

 In addition, no definition is required of a word of common usage. *State v. George*, 717 S.W.2d 857, 860 (Mo.App.1986). The legal definition of "defraud" is essentially the same as that in common usage. Blacks Law Dictionary 423 (6th ed. 1990), defines "defraud" as follows:

> To make a misrepresentation of an existing material fact, knowing it to be false or making it recklessly without regard to whether it is true or false, intending one to rely and under circumstances in which such person does rely to his damage. To practice fraud; to cheat or trick. To deprive a person of property or any interest, estate, or right by fraud, deceit, or artifice. *See also* Collusion; Deceit; Fraud; Material fact; Misrepresentation.
>
> *Intent to defraud* means an intention to deceive another person, and to induce such other person, in reliance upon such deception, to assume, create, transfer, alter or terminate a right, obligation or power with reference to property.[2]

This is consistent with the common definition of "defraud", which is "to deprive of a right, money, or property by fraud". Random House Dictionary 524 (2d ed. 1987). The jury should properly understand what is meant by "defraud", without guidance by the court. The trial court did not err in refusing to define "defraud". Point two is denied.

The judgment is affirmed.

CROW and PARRISH, JJ., concur.

---

2. Also discussing the definition of "defraud", besides *Harris*, 313 S.W.2d at 670, cited by defendant, see *State v. Harroun*, 199 Mo. 519, 98 S.W. 467, 470 (1906); *U.S. v. Soeder*, 10 F.Supp. 944, 946–947 (W.D.Mo.1935).