STATE of Missouri, Plaintiff–Respondent,

v.

Felicia COCKRELL, Defendant–Appellant.

No. 61962.

Missouri Court of Appeals, Eastern District, Division One.

Aug. 3, 1993.

Raymond L. Legg, Office of the State Public Defender, Columbia, for defendant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Saleeby, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CRANDALL, Presiding Judge.

Defendant, Felicia Cockrell, appeals from the judgments of conviction, after a jury trial, on three counts of forgery. Section 570.090.1(1), RSMo (1986)[1]. We reverse.

The evidence, viewed in the light most favorable to the verdict, discloses that defendant tendered three checks in the account name of "Johnny Miller," purportedly made by "Johnny Miller." Defendant, who was acquainted with Miller, previously assisted him with his grocery shopping, cleaned his house, and brought carryout food in for Miller. The record, though not stating Miller's age, indicates through Miller's testimony that he is an older gentlemen.

At trial defendant did not testify. Miller testified as a witness for the State. After examining each of the checks, Miller stated that he had not executed the signatures purporting to be his own. Nonetheless, Miller repeatedly testified that he could have and did give defendant permission to sign his name to the checks at issue in order to make purchases.

Due to the fact that Miller's testimony differed from what he had previously told the police, the State introduced into evidence the statement Miller executed almost immediately following defendant's arrest. This statement, which was admitted over objection of the defendant, provides as follows:

> Mr. Hopkins showed me check number 1003 for the amount of $30.00[.] he [sic] asked me if the signature was mine. I told him no[.] he [sic] asked if anyone had my permission to have or use my checks for any reason and I told him no[.] he [sic] asked me if the bank had told me that some my [sic] checks had been returned because the signature was not mine[.] I saw some of the checks and the signature was not mine. Mr. Hopkins asked me if I gave Felica [sic] Cockrell my checks or my permission to use them[.] Felica [sic] Cockrell had helped me clean my house and helped me haul my grocries [sic].

---

**1.** All further statutory references are to RSMo (1986) unless otherwise indicated.

On appeal, defendant argues that there was insufficient evidence to support her convictions on the forgery counts. Specifically, defendant asserts that the prosecution failed to establish beyond a reasonable doubt that she signed Miller's checks without his consent.

 Section 570.090.1(1) provides that:

A person commits the crime of forgery if, with the purpose to defraud, he

(1) Makes, completes, alters or authenticates any writing so that it purports to have been made by another or at another time or place or in a numbered sequence other than was in fact the case or with different terms or by authority of one who did not give such authority;

....

Thus the essential elements constituting forgery pursuant to § 570.090.1(1) include (1) a false making or other alteration of an instrument or writing, (2) a fraudulent intent and (3) an instrument so made or altered as to be apparently capable of effecting a fraud. *State v. Hudson,* 793 S.W.2d 872, 879 (Mo.App.1990).

 Here, we focus on the element of fraudulent intent and assume, arguendo, that the evidence was sufficient to establish the other elements of the crime of forgery.

"An intent to defraud can be inferred from transferring a document purported to have been made by another, when the transferor knows it was not made as purported." *State v. Wade,* 815 S.W.2d 489, 490 (Mo.App.1991). The State sought to establish that defendant tendered the three checks absent Miller's direction. Evidence of this fact would give rise to the inference of "intent to defraud."

 A defendant can rebut the inference of intent to defraud by presenting evidence explaining his or her possession of the forged instrument to the satisfaction of the trier of fact. *State v. Shannon,* 795 S.W.2d 426, 428 (Mo.App.1990). In this case, the State attempted to prove defendant's lack of authority to tender the

checks with Miller's trial testimony. Yet when Miller testified to the contrary, the State introduced Miller's statement given previously to the police.

The State cannot use Miller's written statement as substantive evidence. Section 491.074 provides a narrow exception to the inadmissibility of prior inconsistent statements as substantive evidence. Forgery does not qualify under this statutory exception. *See State v. Means,* 797 S.W.2d 517, 518 (Mo.App.1990).

Further, Miller's prior statement is not clear on the issue of lack of consent. His trial testimony, however, while somewhat confusing, sufficiently demonstrates Miller's authorization to defendant to sign his name on the checks.

The State, by its own evidence, negated an essential element of the crime of forgery. Consequently, there was insufficient evidence to prove that defendant tendered the checks with the intent to defraud.

The judgments of conviction are reversed. In view of our holding, we decline to address defendant's other point raised on appeal.

REINHARD and CRIST, JJ., concur.