**STATE of Missouri, Plaintiff– Respondent,**

v.

**Johnny STIDUM, Defendant–Appellant.**

No. SD 28729.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 18, 2009.

Irene C. Karns, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cory Lee Atkins, Asst. Atty. Gen., Jefferson City, for respondent.

JOHN E. PARRISH, Judge.

Johnny Stidum (defendant) was convicted, following a jury trial, of robbery in the first degree, § 569,020,[1] armed criminal action, § 571.015, and robbery in the second degree, § 569.030. He was charged as, found to be, and sentenced as a persistent offender. *See* § 558.016.3. This court affirms.

In June 2005, Aaron Reed, Sara Bennett, and Mr. Reed's mother had traveled from Oregon to Springfield, Missouri, to attend a convention. Mr. Reed and Ms. Bennett were leaving the Rail Haven Motel the evening of June 10 at approximately 11:00 p.m. when a burgundy van pulled behind them blocking their vehicle. The passenger in the van, a man, jumped out of the vehicle and pushed Mr. Reed against his vehicle. Reed felt a sharp object at his throat. The man who had jumped from the vehicle told Reed he would slit his throat. He demanded Reed's wallet. Mr. Reed gave the assailant his wallet.

At about the same time, the driver went to Ms. Bennett. He attempted to grab her purse. She initially resisted, but when she realized the other man had a knife at Reed's throat, she released her purse.

As the attackers left, Reed saw the license plate on the back of their van and committed the number on the plate to memory. The police were called and provided with a description of the men and the license number of the van. The passenger in the van was a large black man with a shaved head. The driver was a short white man with a shaved head.

A records check revealed that the license plate number Mr. Reed gave was registered to defendant on a 1993 Dodge Caravan. The physical description on defendant's driver's license matched the description Reed had provided police. Defendant was later arrested while driving the burgundy van.

A list of addresses was found in defendant's van. One was a Cherry Street address. Police located the address and found Danny Wilson there. Danny Wilson matched the description of the driver of the van. Reed identified defendant and Wilson from photograph lineups as the men who took his wallet and Ms. Bennett's purse.

Defendant asserts three points on appeal. Point I contends the trial court

---

1. References to statutes are to RSMo 2000.

erred in submitting the charge of second degree robbery, Count III of the second amended information, to the jury; that "there was not sufficient evidence to permit a reasonable juror to find beyond a reasonable doubt that [defendant] forcibly took Sara's purse." Count III charged defendant with "commit[ing] the class B Felony of robbery in the second degree ... in that on the 10th day of June, 2005, in the County of Greene, State of Missouri, the defendant, JOHNNY STIDUM, forcibly stole a purse owned by Sarah [sic] Bennett."

Defendant argues that he was charged as the sole actor with respect to the second degree robbery offense of stealing Ms. Bennett's purse. He complains that the verdict-directing instruction, Instruction No. 9, "in the first and final paragraphs, ... ascribed all of the elements of the offense to defendant."[2] He argues that the evidence was contrary to these assertions.

Instruction No. 9 states:

A person is responsible for his own conduct and he is also responsible for the conduct of another person in committing an offense if he acts with the other person with the common purpose of committing that offense or if, for the purpose of committing that offense, he aids or encourages the other person in committing it.

As to Court III, if you find and believe from the evidence beyond a reasonable doubt:

*First, that on or about the 10th of June 2005, in the County of Greene, State of Missouri, the defendant took a purse which was property in the possession of Sarah [sic] Bennett* [emphasis added], and

Second, that defendant did so for the purpose of withholding it from the owner permanently, and

*Third, that defendant in doing so used physical force on or against Sarah [sic] Bennett for the purpose of overcoming resistance to the taking of the property,* [emphasis added],

then you are instructed that the offense of robbery in the second degree has occurred, and if you further find and believe from the evidence beyond a reasonable doubt:

Fourth, that with the purpose of promoting or furthering the commission of that robbery in the second degree, the defendant acted together with Danny Wilson in committing the offense, then you will find the defendant guilty under Count III of robbery in the second degree.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

---

**2.** Defendant's identification of the two paragraphs in Instruction No. 9 that he contends were not supported by the evidence is imprecise. As this court perceives that argument, defendant's complaint that the evidence was insufficient to support his conviction of Count III is directed to paragraphs First and Third of that instruction. A further problem regarding Point I is the statement in defendant's argument directed to Point I that "[t]he trial court erred in instructing the jury on second degree robbery because there was insufficient evidence to support a finding of [defendant's] guilt of that offense"; that, "[a]ccordingly, this Court must reverse" the conviction for robbery in the second degree. Point I does not assign error to the giving of Instruction No. 9. "Questions advanced in the argument portion of appellants' brief that were not identified in points relied on will not be addressed." *Baker v. Empire Dist. Elec. Co.*, 24 S.W.3d 255, 257 (Mo.App.2000).

The evidence at trial was that Danny Wilson was the person who physically took Sara Bennett's purse. The state's case against defendant for the offense of second degree robbery was based on a showing that defendant was an accomplice of Wilson in the taking of Ms. Bennett's purse. "The central tenet of accomplice liability is the notion that all who act together 'with a common intent and purpose' in committing a crime are equally guilty." *State v. Biggs,* 170 S.W.3d 498, 504 (Mo.App.2005). A defendant is equally guilty of an offense if his actions indicate he intended to be present during each stage of the crime with the purpose that the crime be committed even if the elements of the crime are clearly conducted by a person other than the defendant. *State v. Purl,* 236 S.W.3d 680, 687 (Mo. App.2007). Liability is the same regardless of whether a defendant acts as the principal or an accomplice in the commission of an offense. *State v. Biggs, supra.*

"When considering the sufficiency of the evidence on appeal, this Court must determine whether sufficient evidence permits a reasonable juror to find guilt beyond a reasonable doubt. The evidence and all reasonable inferences therefrom are viewed in the light most favorable to the verdict, disregarding any evidence and inferences contrary to the verdict." *State v. Belton,* 153 S.W.3d 307, 309 (Mo.banc 2005). There is sufficient evidence in the record that is before this court for a reasonable juror to have found defendant guilty of the offense of second degree robbery. Point I is denied.

Point II is directed to the giving of Instruction No. 9. It contends the trial court committed plain error in giving Instruction No. 9 "because the instruction did not conform to MAI–CR3d 304.04 (Responsibility for the Conduct of Another)

Notes on Use in that it attributed all of the elements of the offense to [defendant]."

Defendant did not object to Instruction No. 9 at trial. *See* Rule 28.03. At the instruction conference, the trial judge inquired whether there was any objection to Instruction No. 9. Defendant's trial attorney responded, "No, Your Honor." Additionally, there was no claim of error directed to Instruction No. 9 in defendant's Motion for New Trial. There having been no objection to the giving of the instruction or any claim of instructional error included in defendant's motion for new trial, no question of instructional error was preserved for appellate review. *State v. Frye,* 998 S.W.2d 575, 576 (Mo.App.1999). Defendant recognizes this failing and requests plain error review as permitted by Rule 30.20.

Plain error is error that results in manifest injustice or a miscarriage of justice if left uncorrected. *State v. Shoults,* 147 S.W.3d 163, 168 (Mo.App.2004). Manifest injustice or miscarriage of justice is error that is outcome determinative. *State v. Golden,* 221 S.W.3d 444, 447 (Mo.App. 2007).

[I]nstructional error seldom constitutes plain error, which requires a defendant to demonstrate more than mere prejudice. [*State v. Roe,* 6 S.W.3d 411, 415 (Mo.App.1999) ].... For instructional error to rise to the level of plain error, the trial court must have so misdirected or failed to instruct the jury that it is apparent to the appellate court that the instructional error affected the jury's verdict. *Id.*

*State v. Thomas,* 75 S.W.3d 788, 791 (Mo. App.2002).

Plain error review consists of a two-step analysis: determination of whether the asserted claim of plain error facially establishes grounds for believing a manifest injustice or miscarriage of justice

occurred; and, if so, determination of whether manifest injustice or miscarriage of justice actually occurred. [*State v. Campbell*, 122 S.W.3d 736, 740 (Mo. App.2004) ]. "If facially substantial grounds are not found to exist, the appellate court should decline to exercise its discretion to review the claim of plain error pursuant to Rule 30.20." *Id.*

*State v. Golden, supra.*

Defendant's assertion of error is directed to paragraphs First, Second, and Third of Instruction No. 9 that ascribe the described conduct to defendant whereas the evidence was that Danny Wilson committed those acts. Notes on Use 5(a)(1) to MAI–CR3d 304.04 states that all elements of the offense should be ascribed to the other person and not the defendant where the evidence shows the conduct elements of the offense were committed entirely by someone other than the defendant and the sole basis of the defendant's liability is aiding the other person.

■ The existence or non-existence of plain error is determined on a case-by-case basis, considering the particular facts and circumstances of each case. *State v. Golden, supra,* at 446–47. Having considered the evidence and the circumstances discussed with reference to Point I, this court finds that the trial court's failure to comply with the directives of Notes on Use 5(a)(1) to MAI–CR3d 304.04 does not facially establish substantial grounds for believing a

manifest injustice or miscarriage of justice occurred. The request for plain error review is declined. Point II is denied.

■ Point III contends the trial court erred in permitting the investigating officer to testify that defendant told the officer that he was with a woman named Deb at the time of the robbery. Defendant asserts this testimony "shifted the burden of proof in that it created an inference that [defendant] was guilty if he did not call Deb as an alibi witness." [3]

■ The testimony to which Point III is directed is the testimony of Springfield Police Officer Scott Kamykowski. Officer Kamykowski testified that he interviewed defendant following his arrest; that prior to asking questions and eliciting answers from defendant, defendant had been advised of his *Miranda*[4] rights and waived those rights. The officer was asked whether he had asked defendant "specifically about what he was doing on the night of June 10." Defendant's trial counsel complained at that time that "[t]he defense has not pursued any type of alibi, they're cornering us into an alibi just as we cannot comment on their failure to call any witness. Implicitly they would be saying, 'Well, why isn't the defense calling this Deb if this is the case?' They can't have Detective Kamykowski talk about what Deb Reno told him, so I think it implies whether or not here's their defense, it's [sic] alibi, where's Deb?" The trial court

**3.** Point III, in stating its claim of error, alleges that "[t]he trial court plainly erred...." However, in the argument that is directed to Point III, defendant points to an objection posed (albeit not the most articulate of objections) at the time the testimony about which defendant complains was given, and that the motion for new trial asserted it had been error to permit the testimony in question. Defendant contends the issue was preserved for appellate review although he acknowledges some variation in the language used in

the objection, the motion for new trial, and Point III. As in *State v. Irby*, 254 S.W.3d 181, 189 (Mo.App.2008), "[T]he record demonstrates that [the] trial court had an opportunity to make a reasoned and informed ruling as to whether the evidence was admissible and the issue is properly preserved for our review."

**4.** *See Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

overruled the objection. Officer Kamy-kowski was asked, "Where did he say he was?" He answered, "He was with a female named Deb."

 Defendant's statement to Officer Kamykowski that he was with a female named Deb the night of June 10, 2005, the time the offense for which he was being tried was committed, was an attempt to provide an alibi to demonstrate he was not involved in the commission of the offense about which he was being questioned. The statement was made after defendant had received his *Miranda* warning. An alibi statement made by a defendant to police is admissible at trial. *State v. Walls,* 637 S.W.2d 812, 813–14 (Mo.App. 1982). Point III is denied. The judgment is affirmed.

LYNCH, C.J., and RAHMEYER, J., concur.