

# In the Missouri Court of Appeals
# Eastern District

### DIVISION FIVE

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED110046 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of Washington County |
| vs. | ) | |
| | ) | Honorable Jerel Lee Poor II |
| DANIEL RAY ROBERTSON, | ) | |
| | ) | |
| Appellant. | ) | FILED: April 11, 2023 |

## Introduction

Daniel Ray Robertson ("Robertson") appeals from the trial court's judgment following a jury trial finding him guilty of second-degree burglary. In his sole point on appeal, Robertson claims the trial court plainly erred in denying his motion for new trial because the State at closing argument presented a theory of liability that was not included in the jury instructions. Specifically, Robertson contends the State told the jury that he could be found guilty under a theory of accomplice liability when the jury was not instructed on accomplice liability. A trial court generally does not commit plain error by failing to intervene sua sponte during the State's closing argument. Moreover, the record before us does not show that Robertson suffered manifest injustice as a result of the closing argument. Accordingly, we deny Robertson's point on appeal and affirm the trial court's judgment.

Factual and Procedural History

Viewed in the light most favorable to the verdict, the evidence adduced at trial showed that on August 28, 2018, Robertson and two other men broke into a shed on private property.

The property owner ("Owner") and a neighbor ("Neighbor") saw a vehicle backed into a driveway that led to the shed at the top of the hill. Owner and Neighbor confronted the three men who were coming down the hill away from the shed. Neighbor observed Robertson carrying a jug. The men did not have permission to be on the property. The three men said that they had been looking for water because their vehicle had overheated. The reserve tank on the radiator of the car was full when Owner checked it, and the men had taken an antifreeze jug from the shed, which did not have a water spigot or hoses. One of the men gave Owner a fake name. Owner's son ("Son") also arrived at the scene as he was driving home, and he photographed the vehicle's license plate.

The men eventually left. Son and Owner examined the shed area and noticed that property had been taken from the shed. The shed door, normally closed and locked, was partially open. The inside was disorganized, with items having been thrown around and removed from the shelves. Other items were moved into the yard. Owner's tools and motorcycle helmets that he normally kept on the workbench were found outside near an air compressor that had been unplugged from the shed.

The police used the vehicle registration to link Robertson and the other men to the incident, and the witnesses identified Robertson at trial. The State charged Robertson with the class D felony of burglary in the second degree for knowingly entering unlawfully the shed for the purpose of committing stealing therein. The case proceeded to trial. Son, Owner, Neighbor, and the investigating deputy testified for the State.

2

At the close of the State's evidence, Robertson moved for a judgment of acquittal on the basis that no evidence was produced from which the jury could reasonably infer that Robertson had entered the shed. Robertson argued that evidence of his presence on the property and opportunity to enter the shed, without more, was insufficient to support a conviction for burglary. The State countered that the jury reasonably could infer that Robertson entered the shed or that Robertson was working in concert with the other men, either of whom could have entered the shed. The trial court denied the motion for acquittal. Robertson moved for acquittal again on the same basis at the close of all evidence, and the trial court again denied the motion.

The State requested the following verdict director for second-degree burglary, which the trial court submitted to the jury without objection:

> If you find and believe from the evidence beyond a reasonable doubt:
>
> First, that on or about August 28, 2018, in the State of Missouri, [Robertson] knowingly entered unlawfully in a building located at [] Buford Road, and owned by [Owner], and
>
> Second, that [Robertson] did so for the purpose of committing the offense of stealing therein, then you will find [Robertson] guilty of burglary in the second degree.
>
> However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

The verdict director also defined stealing. Additionally, the trial court instructed the jury that "[t]he law applicable to this case is stated in these instructions and the two which the Court read to you immediately after you were sworn in as jurors. . . . You must not single out certain instructions and disregard others or question the wisdom of any rule of law." The trial court instructed that the attorneys' closing arguments "are intended to help you in understanding the evidence and applying the law, but they are not evidence."

3

The State did not request a verdict director premised upon accomplice liability and no such instruction was given.

During closing argument, the State told the jury that "you have to find two things, first, that [Robertson] knowingly entered unlawfully[.]" The State then continued:

> Under Missouri law, you're responsible for the acts of the people with whom you are acting in concert. It doesn't have to be specifically pled or found in here. So you don't necessarily have to literally believe that [Robertson] personally stepped across it as long as you believe he was working with the people who were doing this.

The State further argued:

> All the testimony was that [Robertson] was the older guy. There were two younger guys with him. He was the one that seemed to be cool about this stuff down at the car and wasn't giving much dumb excuses. It seemed like he was a little more wise to all this than maybe his buddies were. You know, but in any event, you can assume that either he or his associates entered that shed.

The State then moved into a discussion of the element of stealing. The State argued that "[a]ll that matters, really, is that at the time—this is the invisible line of that shed—at the time [Robertson] crosses in here, is it his intent to steal something." Robertson did not object to the State's closing argument. Robertson argued in closing that there was no evidence that he ever entered the shed or told anybody to do so on his behalf.

The trial court submitted the case to the jury, which convicted Robertson on second-degree burglary as charged. Robertson filed a motion for a new trial, and the trial court denied the motion. The trial court entered judgment and sentenced Robertson as a prior and persistent offender to ten years in prison. Robertson now appeals.

## Point on Appeal

In his sole point on appeal, Robertson maintains the trial court plainly erred in denying his motion for new trial because the State in closing argument misinformed the jury that it could find Robertson guilty under a theory of accomplice liability despite the fact that the jury was not

4

instructed on accomplice liability. Robertson argues the State's misstatement of law lowered the burden of proof by removing the requisite element that Robertson personally entered the shed, thereby creating a manifest injustice warranting plain-error relief.

Standard of Review

Preliminarily, Robertson acknowledges that his claim of error is unpreserved for review. "Only an objection made timely ***at trial*** will preserve an issue for appeal." State v. Minor, 648 S.W.3d 721, 729 (Mo. banc 2022) (internal citation omitted). Here, although Robertson raised the issue in his motion for new trial, Robertson did not object to the State's closing argument at trial, which now forms the basis of his claim on appeal. Robertson asks us to exercise our discretion to engage in plain-error review. See id. at 731 (internal quotation omitted) (noting "[p]lain error review is discretionary").

"Rule 30.20[1] is the exclusive means by which an appellant can seek review of any unpreserved claim of error[.]" Id. (quoting State v. Brandolese, 601 S.W.3d 519, 530 (Mo. banc 2020)). "Whether briefed or not, plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Rule 30.20. Plain-error review involves two steps:

> The first step requires a determination of whether the claim of error facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted. All prejudicial error, however, is not plain error, and plain errors are those which are evident, obvious, and clear.
>
> If plain error is found, the court then must proceed to the second step and determine whether the claimed error resulted in manifest injustice or a miscarriage of justice.

Minor, 648 S.W.3d at 731 (quoting Grado v. State, 559 S.W.3d 888, 899–900).

---

[1] All Rule references are to Mo. R. Crim. P. (2022).

"A trial court maintains broad discretion in the control of closing arguments." State v. Reese, 632 S.W.3d 365, 378 (Mo. App. W.D. 2021) (quoting State v. Edwards, 116 S.W.3d 511, 537 (Mo. banc 2003)). With respect to unpreserved allegations of error in closing arguments, "[i]t has long been held that '[p]lain error relief as to closing argument should rarely be granted and is generally denied without explanation.'" State v. Hall, 319 S.W.3d 519, 523 (Mo. App. S.D. 2010) (internal quotation omitted). "Courts especially hesitate to find plain error in the context of closing argument because the decision to object is often a matter of trial strategy, and in the absence of objection and request for relief, the trial court's options are narrowed to uninvited interference with summation and a corresponding increase of error by such intervention." Reese, 632 S.W.3d at 378 (quoting Edwards, 116 S.W.3d at 536). Thus, "to establish that the [trial] court committed plain error during closing arguments, [a defendant] must make a sound, substantial showing that manifest injustice or a miscarriage of justice will result if [this Court fails to] grant relief." Hall, 319 S.W.3d at 523 (internal quotation omitted) (alterations in original).

"Even if the prosecutor's argument is improper, relief will be appropriate only if it is established that the comment had a 'decisive effect on the jury's determination.'" State v. Martin, 103 S.W.3d 255, 264 (Mo. App. W.D. 2003) (quoting State v. Storey, 40 S.W.3d 898, 910 (Mo. banc 2001)); see Reese, 632 S.W.3d at 378 (quoting Edwards, 116 S.W.3d at 536–37). "The burden is on the defendant to prove the decisive significance." State v. Biggs, 170 S.W.3d 498, 506 (Mo. App. W.D. 2005) (quoting State v. Parker, 856 S.W.2d 331, 333 (Mo. banc 1993)). "To constitute manifest injustice or a miscarriage of justice, the prejudice [the defendant] suffered must rise above the level of ordinary prejudice." State v. Brown, 360 S.W.3d 919, 924–25 (Mo. App. W.D. 2012) (internal citation omitted). "This standard is

6

established upon a showing of 'a reasonable probability that the verdict would have been different had the error not been committed.'" Martin, 103 S.W.3d at 264 (quoting Storey, 40 S.W.3d at 910).

Discussion

Robertson alleges the trial court plainly erred by not intervening sua sponte during the State's closing argument when the State argued that the jury could find Robertson guilty of second-degree burglary under a theory of accomplice liability. Specifically, Robertson takes issue with the following part of the State's closing argument:

> Under Missouri law, you're responsible for the acts of the people with whom you are acting in concert. It doesn't have to be specifically pled or found in here. So you don't necessarily have to literally believe that [Robertson] personally stepped across it as long as you believe he was working with the people who were doing this.

Robertson suggests that the State's argument was improper because it permitted the jury to find Robertson guilty as an accomplice rather than as the principal actor, which was not in the jury instructions and therefore invaded the province of the trial court to instruct the jury on the law. In particular, Robertson contends the State's argument effectively lowered the burden of proof by informing the jury it did not need to find that Robertson personally entered the shed in order to convict him of the charged offense.

We determine the existence or non-existence of plain error on a case-by-case basis, considering the particular facts and circumstances of each case. State v. Stidum, 276 S.W.3d 910, 915 (Mo. App. S.D. 2009) (internal citation omitted). After a careful review, having chosen to exercise our discretion to review the claim for plain error, we find Robertson's claim does not demonstrate error that is "evident, obvious, and clear" nor an error that caused manifest injustice. See Minor, 648 S.W.3d at 731 (quoting Grado, 559 S.W.3d at 899–900).

7

First, Robertson has not shown that the trial court committed error, plain or otherwise, by refraining from interrupting the State's closing argument. In the challenged portion of closing argument, the State argued that the evidence could support finding Robertson guilty of second-degree burglary either by him personally committing the act of entering the shed for the purpose of stealing or by working with people who did so. Initially, we note that "[c]losing arguments must be interpreted with the entire record rather than in isolation." Reese, 632 S.W.3d at 378 (quoting Edwards, 116 S.W.3d at 537). Notably, during its closing argument, the State also argued Robertson personally entered the shed. The State portrayed Robertson as the ringleader, stating that the evidence supported finding Robertson crossed the "invisible line" of the shed with the intent to steal. Neighbor identified Robertson in court and testified that Robertson was carrying the jug taken from the shed as he and the other men walked down the hill.

Further, the State did not misstate Missouri law on accomplice liability, also known as accessory liability. "Because Missouri has eliminated the distinction between principals and accessories, all persons who act in concert to commit a crime are equally guilty." State v. Thomas, 387 S.W.3d 432, 437 (Mo. App. W.D. 2013) (citing State v. Isa, 850 S.W.2d 876, 898 (Mo. banc 1993)). "The central tenet of accomplice liability is the notion that all who act together 'with a common intent and purpose' in committing a crime are equally guilty." Stidum, 276 S.W.3d at 914 (quoting Biggs, 170 S.W.3d at 504). Because no distinction of guilt is recognized between principal and accomplice in the law, "the State [is] not required to charge [a] [d]efendant as an accomplice since charging a defendant as a principal or as an aider or encourager has the same legal effect and, even if charged as a principal, the case may be submitted to the jury on the theory of accomplice liability." Biggs, 170 S.W.3d at 504 (internal quotation omitted) (alterations in original).

Here, the evidence plausibly could have supported submitting the case to the jury on either principal or accomplice theory pursuant to the MAI-CR[2] 404.04 Notes on Use. The Notes on Use specifically address the situation "[w]here it is not clear whether the conduct elements were committed by the defendant or another person" and offer a modification to the standard verdict director permitting a disjunctive "or" for whether the conduct is ascribed to the defendant or another. MAI-CR 404.04 Notes on Use 5(c). As this bifurcated approach benefits the State, it is incumbent on the State to request the modified instruction. See id. In this case, the State did not choose to avail itself of the option to charge or submit the case under this approach, which would have permitted the jury to find Robertson guilty *either* as the principal or accessory. Rather, the verdict director clearly and unambiguously required the jury to find that Robertson committed the offense as charged:

> If you find and believe from the evidence beyond a reasonable doubt:
>
> First, that on or about August 28, 2018, in the State of Missouri, [Robertson] knowingly entered unlawfully in a building located at [] Buford Road, and owned by [Owner], and
>
> Second, that [Robertson] did so for the purpose of committing the offense of stealing therein, then you will find [Robertson] guilty of burglary in the second degree.
>
> However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

By its plain language, the verdict director did not give the jury the option to find Robertson guilty on a theory of accomplice liability. The jury was instructed to render a verdict of guilty only if it found Robertson acted as a principal actor. We presume a jury knows and follows the trial court's instructions. Minor, 648 S.W.3d at 731 (internal citations omitted); State

---

[2] All MAI-CR references are to the Missouri Approved Instructions—Criminal 4th (2017).

v. Myles, 479 S.W.3d 649, 658 (Mo. App. E.D. 2015) (internal quotation omitted). We also note that the trial court further instructed the jury that the attorneys' closing arguments are not evidence. See Hall, 319 S.W.3d at 522–23 (quoting State v. Forrest, 183 S.W.3d 218, 226 (Mo. banc 2006)) (noting that unsworn remarks of counsel in argument are not evidence of the facts asserted). Therefore, without an objection from Robertson, the record does not support charging the trial court with reversible error. See Minor, 648 S.W.3d at 729 (internal citation omitted); State v. King, 626 S.W.3d 828, 841 (Mo. App. E.D. 2021) (internal citation omitted) ("[T]he objecting party must make the reason for his objection reasonably apparent to the court to provide the objecting party's opponent an opportunity to correct any errors and to allow the court to correctly rule on the issue."). "Courts especially hesitate to find plain error in the context of closing argument because the decision to object is often a matter of trial strategy[.]" Reese, 632 S.W.3d at 378 (quoting Edwards, 116 S.W.3d at 536). "[I]n the absence of objection and request for relief, the trial court's options are narrowed to uninvited interference with summation and a corresponding increase of error by such intervention." Id. Viewing the closing argument in light of the whole record and, in particular, the trial court's instructions, we reasonably may hold the jury found Robertson guilty of the charged offense as the principal actor. Because the verdict director specifically required the jury to find beyond a reasonable doubt that Robertson himself knowingly entered the shed unlawfully for the purpose of stealing, we find no plain error. See Minor, 648 S.W.3d at 731 (internal citations omitted); Myles, 479 S.W.3d at 658 (internal quotation omitted).

We next to turn to the second prong of plain-error review: manifest injustice. In order to prevail on appeal, Robertson must demonstrate that the State's allegedly improper argument had a "decisive effect" on the verdict. Reese, 632 S.W.3d at 378 (quoting Edwards, 116 S.W.3d at

10

536–37); Martin, 103 S.W.3d at 264 (quoting Storey, 40 S.W.3d at 910). Even were we to find that the State's argument was improper in light of the instructions, Robertson fails to demonstrate the manifest injustice needed to find reversible error. See Minor, 648 S.W.3d at 731 (internal quotation omitted).

Robertson reasons that he was prejudiced because the State's argument could have caused the jury to misinterpret the verdict director and find him guilty of burglary solely as an accomplice, that is, without finding that Robertson personally committed the act of entering the shed as necessary to find him guilty as a principal. Robertson essentially argues that he was prejudiced because the jury may have premised the guilty verdict on his acts as the principal actor but, due to the challenged portion of the State's closing argument, they jury may also have premised the verdict on *the equally valid legal theory* of accomplice liability. See Thomas, 387 S.W.3d at 437 (citing Isa, 850 S.W.2d at 898); Stidum, 276 S.W.3d at 914 (citing Biggs, 170 S.W.3d at 504).

Notably, Robertson's allegation of prejudice first requires us to ignore the presumption that the jury followed the trial court's instructions, which we will not do. See Minor, 648 S.W.3d at 731 (internal citations omitted); Myles, 479 S.W.3d at 658 (internal citation omitted). Furthermore, Robertson does not articulate how such a scenario would impact the verdict. See Reese, 632 S.W.3d at 378 (quoting Edwards, 116 S.W.3d at 536–37). We do not see how the State's argument about accomplice liability, even if improper in context, could have caused the jury to render a verdict of guilty instead of not guilty, because the potential prejudice weighs in the *opposite* direction. The State could have requested modifying the instructions pursuant to MAI-CR 404.04 Notes On Use 5(c), which would have allowed the jury to find Robertson guilty either as a principal *or* as an accomplice. But ultimately the State submitted the case to the jury

11

*only* on the theory of principal liability—a higher burden that operated in Robertson's favor, as guilt was premised solely on his own conduct. We are mindful that Robertson limits his claim of error on appeal to the trial court's failure to address the State's closing argument. No other issue is presented on appeal, as Robertson does not allege the trial court erroneously instructed the jury or erroneously denied Robertson's motions for acquittal at the end of the State's case or at the end of all the evidence—neither of which was included in Robertson's motion for new trial. But even had Robertson challenged the jury instructions, Missouri courts have repeatedly held the failure to instruct on accomplice liability generally results in no prejudice or manifest injustice because the alleged error *benefits* the defendant. See, e.g., State v. Henderson, 551 S.W.3d 593, 605 (Mo. App. W.D. 2018) (citing State v. Jones, 296 S.W.3d 506, 513 (Mo. App. E.D. 2009)) (noting cases have found no prejudice from incorrect accomplice-liability jury instructions where the given instruction set "a higher burden for conviction"); State v. Jones, 930 S.W.2d 453, 455 (Mo. App. E.D. 1996) (finding no prejudice where the submitted instruction only permitted conviction if the jury believed the defendant himself committed each element of first-degree robbery even though the evidence could have supported submitting accomplice-liability instructions because "[l]imiting the bases for conviction operated to the defendant's advantage and thus, was at most, harmless error"); State v. Thompson, 781 S.W.2d 247, 248–49 (Mo. App. E.D. 1989) (finding the failure to instruct the jury on the theory of accomplice liability established no manifest injustice because "the State assumed a higher burden of proving [the] defendant committed robbery in the second degree by himself and thus denying the State the opportunity to rely on any acts of defendant's companion"); State v. Bibbs, 660 S.W.2d 750, 752 (Mo. App. E.D. 1983) (finding no prejudice where the jury was instructed to find the defendant guilty as a principal or to find him not guilty even though the evidence could have supported a

12

finding of guilty either as a principal or an accessory because "[n]arrowing the basis for conviction operated to [the defendant's] benefit, not to his detriment").

Considering the State's closing argument in the context of the full record and the trial court's instructions to the jury, Robertson has not shown the necessary prejudice or manifest injustice to find reversible trial court error. See Reese, 632 S.W.3d at 378 (quoting Edwards, 116 S.W.3d at 536–37). Because Robertson fails to demonstrate manifest injustice from the State's closing argument, the trial court did not err in denying his motion for new trial. See Minor 648 S.W.3d at 731 (quoting Grado, 559 S.W.3d at 900). Accordingly, the point on appeal is denied.

Conclusion

The judgment of the trial court is affirmed.

_____
KURT S. ODENWALD, Judge

Michael E. Gardner, C.J., concurs.
Gary M. Gaertner, Jr., J., concurs.