**STATE of Missouri, Respondent,**

v.

**James L. COPHER, Appellant.**

**No. 10675.**

Missouri Court of Appeals,
Southern District,
Division One.

April 9, 1979.

Respondent's Motion for Rehearing or/for Transfer to Supreme Court Denied April 30, 1979.

John D. Ashcroft, Atty. Gen., Kathryn Marie Krause, Brenda Farr Engel, Asst. Attys. Gen., Jefferson City, for respondent.

David Robards, Public Defender, Joplin, for appellant.

ROBERT LEE CAMPBELL, Special Judge.

Defendant was convicted by a jury of striking a police officer engaged in the performance of his duties in violation of § 557.215.[1] The court sentenced defendant as a habitual offender to a term of five years in the custody of the Missouri Department of Corrections. Although the points advanced on appeal were not preserved in the trial court, we reverse and remand on the basis of plain error.

On June 12, 1976, Steven Gregory Ford, a uniformed Joplin police officer, operating a black and white police vehicle with red lights flashing, arrived at the location of a fight. Defendant refused the officer's request to approach the police vehicle, began backing away, and engaged in an extensive altercation with Officer Ford, including hitting Officer Ford with his nightstick. Further necessary facts will be set forth in the body of the opinion.

Defendant was charged with striking a police officer engaged in the performance of his duties in violation of § 557.215, which provides:

> "Any person who shall willfully strike, beat or wound any police officer, . . . while such officer is actively engaged in the performance of duties imposed on him by law, . . . is guilty of a crime . . . ."

The state's verdict directing instruction required a finding that defendant "did wilfully, unlawfully and feloniously strike, beat or wound one Steve Ford, . . . ." The verdict directing instruction did not require that defendant know that Steve Ford was a police officer actively engaged in the performance of his duties.

Instruction No. 6, given by defendant, was as follows:

> "If you find and believe by the greater weight of the evidence that the defendant, at the time and place referred to in Instruction No. 5 did not know Steve Ford was an officer of the Joplin Police Department, then you must find the defendant not guilty."

1. All statutory references are to RSMo 1969, V.A.M.S.

Defendant first contends that the state's verdict directing instruction is erroneous because it did not require a finding that defendant knew Officer Ford was a police officer actively engaged in the performance of his duties. Defendant contends that knowledge is a prerequisite for conviction under § 557.215. In this assertion, defendant is correct. The statute makes it a separate and distinct crime to assault a police officer engaged in the performance of his duties. What would ordinarily be a common assault, a misdemeanor under § 559.220, becomes a felony if the person willfully assaulted is a police officer engaged in his duties as such. "Willfully" means "intentionally" or "knowingly." *State v. Shuler*, 486 S.W.2d 505 (Mo.1972). We hold that knowledge that the person assaulted is a police officer engaged in his duties is a necessary element for conviction under § 557.215.

In this case, the instructional error was compounded by the closing argument of the prosecuting attorney. The prosecutor argued:

"Let me tell you what the defendant has to prove. This is what the defendant has to prove. He has to prove by the greater weight of the evidence that at the time and place referred to, he did not know that Steve Ford was an officer of the Joplin Police Department. What I am trying to tell you is this: It's not up to the State to prove that he did know; it's up to the defendant to prove that he did not know."

The evidence disclosed that prior to the arrival of Officer Ford, defendant had been struck on the head several times with a tire tool, had been unconscious, and had a depressed skull fracture with resulting brain concussion. Defendant's entire defense was that he did not remember anything that transpired after being struck in the head with the tire tool, and that he did not knowingly assault a police officer. It is true that the state's evidence was that defendant, prior to assaulting Officer Ford had stated that he would not go back to the "joint" alive and that he hated "pigs" was

strong evidence that defendant knew that he was assaulting a police officer. Nevertheless, the closing argument of the prosecuting attorney, which shifted the burden of proof to the defendant on the issue of knowledge, was manifestly unfair and clearly prejudicial to defendant.

The Supreme Court in *State v. Reeder*, 395 S.W.2d 209 (Mo.1965) applied the "plain error" rule and reversed a conviction on facts substantially similar to this case. There, at p. 211, the court held:

"However, when, as here, under the facts and evidence in this particular case, the presumption of innocence of an accused is violated and the jury in effect instructed that the burden of proving his innocence is on the accused, the accused has been deprived of a fair and impartial trial. The historical significance of approving such a deprivation of rights compels us to hold that manifest injustice has resulted here."

In the case before us, we have the plain error of closing argument in addition to the instructional error. In this situation, we must hold that manifest injustice has resulted. Accordingly, the judgment is reversed and remanded for a new trial.

FLANIGAN, P. J., TITUS, J., and PYLE and KENNEDY, Special Judges, concur.