STATE of Missouri, Respondent,

v.

Frazier PRATT, Appellant.

Frazier PRATT, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 60762, 62851.

Missouri Court of Appeals,
Eastern District,
Division One.

July 27, 1993.

Elizabeth Haines, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David B. Cosgrove, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Defendant, Frazier Pratt, appeals from a judgment of conviction for possession of a controlled substance. He was sentenced as a prior drug offender and as a persistent offender to a six-year term of imprisonment. He also appeals from the denial of his Rule 29.15 motion without an evidentiary hearing. We affirm the judgment of conviction and the denial of his Rule 29.15 motion.

The evidence, viewed in a light most favorable to the verdict, discloses that on September 19, 1990, two police officers set up surveillance on the second floor of a vacant apartment. From this vantage point, the officers observed defendant conducting what appeared to be a drug trans-

action with another man. The officers then approached defendant and recovered the bottle they had observed defendant handling at the scene. This bottle contained what was later determined to be heroin.

Defendant first contends the trial court erred in overruling his objections to comments made by the prosecutor during the rebuttal portion of closing argument. During the closing argument, defense counsel addressed the police officers' testimony concerning the events surrounding the defendant's arrest. In his remarks, defense counsel accused the officers of being liars.

In rebuttal argument, the prosecutor responded:

> To hear [defense counsel] talk, he was the best witness for the defense. He should have been on the stand. He's the one that vouched for the defendant. None of the other witnesses was (sic) there. He didn't see anything. He didn't know what happened. Ladies and gentlemen, he stands up here and calls the two police officers liars. It's almost automatic. No evidence at all. He just stands up and said (sic) the two policemen are liars, and you're expected to accept that at face value.
>
> Ladies and gentlemen, it's the oldest trick in the world to accuse the accusers. [The police officers are] not here. They can't answer for themselves. They're gone. It's real easy to accuse somebody of lying that's not here.

The defendant objected to this reply as improper argument, and the trial court overruled his objection.

Later, the prosecutor continued:

> ... [The police officers] know [defendant] and never bothered him and yet he says they're putting the case on and lying. How can that be, ladies and gentlemen? Because somebody told him to say that. That's why. He can't make up that story himself.

The trial court sustained the defendant's objection to this argument and *sua sponte* instructed the jury to disregard the comment.

The trial court has broad discretion to control closing arguments in criminal cases, and the trial court's ruling will be reversed only when an abuse of discretion has occurred. *State v. Hill,* 808 S.W.2d 882, 887 (Mo.App.1991) Further, when complained of remarks come in the rebuttal portion of argument by the state, the trial court may consider whether the comments were invited. *State v. Murphy,* 739 S.W.2d 565, 570 (Mo.App.1987). The state may go further by way of retaliation in answering the argument of the defendant than would be normally allowed. *Id.*

Here, the first remarks were invited by the comments defendant made during his closing argument when he stated that two of the state's key witnesses were lying. Therefore, the trial court did not abuse its discretion when it overruled defendant's objection to this argument because the prosecutor was answering in retaliation to the defendant's argument.

Defendant's objection to the latter remarks made by the prosecutor in rebuttal was sustained. Since defendant was granted the relief that he sought, nothing is preserved for our review. *State v. White,* 782 S.W.2d 461, 465 (Mo.App.1990). Finding no abuse of discretion, defendant's first point is denied.

Defendant next contends that the trial court erred when it denied defendant's Rule 29.15 motion without an evidentiary hearing. Defendant argues that his counsel's failure to subpoena four alleged defense witnesses denied him effective assistance of counsel.

Our review of a denial of a Rule 29.15 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. *Jones v. State,* 771 S.W.2d 349, 351 (Mo. App.1989). These findings and conclusions are clearly erroneous only if, upon review of the entire record, we are left with the definite and firm impression that a mistake has been made. *Id.* A movant is not entitled to an evidentiary hearing if the motion, files and records of the case conclusively

show that the movant is not entitled to relief. *Id.*

The record at trial reveals that the four alleged defense witnesses did not appear at trial and were not under subpoena. Trial counsel had previously interviewed them and was prepared to call them as witnesses. However, defendant had told trial counsel not to subpoena them because they were friendly witnesses who had promised to appear and defendant did not "want to make them mad sending people after them serving the court orders." Trial counsel simply followed defendant's directive. Under the circumstances, trial counsel was not ineffective. *State v. Norfolk,* 807 S.W.2d 105, 109 (Mo.App.1990). Defendant's second point is denied.

Finally, defendant claims the trial court erred in giving an instruction to the jury patterned after MAI–CR3d 302.04, defining "reasonable doubt." That instruction has repeatedly been upheld as proper. *State v. Griffin,* 848 S.W.2d 464, 469 (Mo. banc 1993); *State v. Antwine,* 743 S.W.2d 51, 62–63 (Mo. banc 1987), *cert. denied* 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988). Defendant's third point is denied.

Defendant's judgment of conviction is affirmed. The denial of defendant's Rule 29.15 motion is also affirmed.

REINHARD and CRIST, JJ., concur.