**STATE of Missouri, Respondent,**

v.

**Paula D. HALL, Appellant.**

**No. SD 29929.**

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 25, 2010.

Ellen H. Flottman, Columbia, for Appellant.

Chris Koster, Atty. Gen. and Robert J. (Jeff) Bartholomew, Jefferson City, for Respondent.

ROBERT S. BARNEY, Presiding Judge.

Paula D. Hall ("Appellant") appeals her conviction by a jury for one count of the class A felony of murder in the second degree, a violation of section 565.021.[1] Appellant was sentenced by the trial court to twenty years in the Missouri Department of Corrections. In her sole point relied on, Appellant challenges certain statements made by the State during closing argument.[2] We affirm the judgment and sentence of the trial court.

During closing argument at the trial in this matter, counsel for Appellant told the jury: "Now, why do[es the State] want [Appellant]? I don't know. [Appellant] has had no criminal convictions. None. Okay? The State stipulated and I concede that [Appellant] has no prior criminal convictions." During the State's rebuttal closing argument, the following was said:

THE STATE: A few more things. I just want to point out what the defense says. The defense says, well, the State agreed [Appellant] doesn't have a criminal record. I don't recall [the State] saying that in front of you. If you remember it that way, maybe it happened, but I don't remember. I only remember the defense saying it. . . .

COUNSEL FOR APPELLANT: Can we approach?

(The following remarks were made at the bench, outside the hearing of the jury.)

COUNSEL FOR APPELLANT: Judge, we spoke to the State prior to this afternoon. They said they would stipulate that she does not have a criminal record.

THE STATE: And they never offered the stipulation, so it's not been put into evidence. And they talked about—I did agree to it. They never offered the stipulation.

THE COURT: If you agreed to it, you've got to agree with it.

THE STATE: Not when it was never offered to the jury. No, sir. It was never offered. They have to still present the stipulation.

COUNSEL FOR APPELLANT: Now he's trying to present it like, well, then maybe she does have a criminal record. That's not right.

THE COURT: Let's get off that, okay?

THE STATE: Okay.

(Bench conference concluded.)

At the close of the evidence, Appellant was convicted of the crime charged.

Thereafter, Appellant filed a "Motion for New Trial" in which she alleged the State's closing argument "led the jury to believe [Appellant] had a criminal history . . ." such that "counsel's credibility and [Appellant's] criminal history [were] put into question. . . ." Appellant further maintained that "[t]his remark was stated solely to mislead the jury, as the State knew [Appellant] in fact had no criminal history." A hearing was held on this motion on February 25, 2009. At this hearing, the following argument was made by counsel for Appellant:

Appellant was charged with beating Freda Heyn to death with a golf club and then disposing of her body in the Mark Twain National Forest.

---

1. All statutory references are to RSMo 2000.

2. As Appellant does not challenge the sufficiency of the evidence to support her conviction, we need not fully detail the facts which led to the charges at issue except to state that

COUNSEL FOR APPELLANT: And then there was the statement at closing argument that led the jury to believe that [Appellant] had a criminal history. We had an agreement. Yes, [my co-counsel] was supposed to stipulate to that in closing that [Appellant] had no criminal history, and that's the defense's mistake for not doing that. However, we had an agreement with [the State] that we would not have to put anyone on the stand to testify that she did not have any criminal history. We didn't put witnesses on the stand because of that agreement. We could have put witnesses on the stand to testify that she had no criminal history, nothing, not anything, but we didn't because of that agreement. And we get up and we tell the jury that she has no criminal history, not even a speeding ticket, and [the State] gets up and stands in front of that jury and says, and I quote, 'You have heard the defense say that [Appellant] has no criminal history. You did not hear the State say that.'

That was a direct attempt on the part of the [State] to mislead that jury into thinking that I had lied to them and that [Appellant] had a criminal history. We would have put people on that stand had it not been for that agreement. And [the State] did that for the sole purpose of misleading that jury, because there's no other reason for that statement other than to mislead that jury into believing that we had lied to them and that [Appellant] did have a criminal history.

THE COURT: Of course, actually, well, the fact she did not have a criminal history is not necessarily evidence, is it?

COUNSEL FOR APPELLANT: It's not evidence, Judge, but it put [Appellant's] credibility at issue and it put my credibility at issue. It made the jury think that we had lied to them. Well, if we'd lied to [the jury] about her criminal history, what makes [the jury] think we wouldn't have lied to them about everything else. It was a very prejudicial remark and for the sole purpose of misleading the jury.

The motion was taken under advisement and was, apparently, later denied by the trial court. At the sentencing hearing on May 22, 2009, counsel for Appellant admitted Appellant had been charged with stealing, and that she received a suspended imposition of sentence on that charge.

 In her point relied on, Appellant asserts the trial court abused its discretion in overruling her "objection to the [State's] closing argument when the [State] told the jury that [it] did not recall agreeing 'in front of you' that [Appellant] did not have a criminal record...." She maintains this comment violated her rights as it "was misleading in that it implied to the jury both that [Appellant] did in fact have a criminal record, and that defense counsel was attempting to argue outside the evidence."

 Typically, a trial court has broad discretion in controlling the scope of closing argument and the trial court's rulings will be cause for reversal only upon a showing of abuse of discretion resulting in prejudice to the defendant. *State v. Forrest*, 183 S.W.3d 218, 226 (Mo. banc 2006); *see State v. Edwards*, 116 S.W.3d 511, 537 (Mo. banc 2003). "'The rule is that unsworn remarks of counsel in opening statements, during the course of trials or in arguments are not evidence of the facts asserted.'" *Forrest*, 183 S.W.3d at 226 (quoting *State v. Dowell*, 25 S.W.3d 594, 609 (Mo.App.2000)).

However, it is equally recognized that the permissible field of argument is broad, and so long as counsel does not go beyond the evidence and issues drawn by the instructions or urge preju-

dicial matters or a claim or defense which the evidence and issues drawn by the instructions do not justify, he is permitted wide latitude in his comments. *State v. Blakeburn,* 859 S.W.2d 170, 174 (Mo.App.1993). "In ruling on the propriety of the closing argument, the challenged comment must be interpreted in light of the entire record rather than in isolation." *Id.* Further, "there must be a reasonable probability that the verdict would have been different had the error not been committed" by the trial court. *State v. Johns,* 34 S.W.3d 93, 116 (Mo. banc 2000).

However, "[t]he standard of review for alleged error in closing argument depends upon whether defense counsel objects." *State v. Lockett,* 165 S.W.3d 199, 205 (Mo.App.2005). " '[F]ailure to properly object to closing argument at the time it is made to a jury results in a waiver of any right to complain of the argument on appeal, even if the point is preserved in an after trial motion.' " *State v. Samuels,* 88 S.W.3d 71, 83 (Mo.App.2002) (quoting *Nishwitz v. Blosser,* 850 S.W.2d 119, 124 (Mo.App.1993)); *see State v. Lingle,* 140 S.W.3d 178, 190 (Mo.App.2004). "This is because 'if the objection is not timely, the trial court has no opportunity to take corrective action at the time the remarks were made.' " *Samuels,* 88 S.W.3d at 83 (quoting *Nishwitz,* 850 S.W.2d at 124). "Therefore, when counsel does not object to an allegedly improper argument at the time it is made, the error is not preserved for review." *Lingle,* 140 S.W.3d at 190.

Here, when the State's comments relating to Appellant's criminal record were made to the jury, counsel for Appellant responded by asking to approach the bench. Although expressing displeasure at the State's remarks, no express objection was made by defense counsel at that

time. Nor did defense counsel request any curative measures be taken by the trial court, such as a mistrial or an admonishment to the jury. The trial court did not enter an express ruling on the issue and, instead, instructed the State "to get off that ..." topic. It is our view, then, that Appellant failed to preserve this issue for our review in that counsel did not properly object to the State's remarks. *Samuels,* 88 S.W.3d at 83.

While Appellant does not request plain error review, it is within this Court's discretion to review this issue pursuant to Rule 30.20.[3] It has long been held that " '[p]lain error relief as to closing argument should rarely be granted and is generally denied without explanation.' " *State v. Crowe,* 128 S.W.3d 596, 600 (Mo. App.2004) (quoting *State v. Garner,* 14 S.W.3d 67, 76 (Mo.App.1999)). Such review "is discouraged because the 'trial court's options are narrowed to uninvited interference with summation.' " *Id.* at 601 (quoting *State v. Brown,* 953 S.W.2d 133, 141 (Mo.App.1997)). "In order to establish that the [trial] court committed plain error during closing arguments, [a defendant] must make a sound, substantial showing that manifest injustice or a miscarriage of justice will result if [this Court fails to] grant relief." *Id.*

With that being said, "when complained of remarks come in the rebuttal portion of argument by the [S]tate, the trial court may consider whether the comments were invited" in that "[t]he [S]tate may go further by way of retaliation in answering the argument of the defendant than would be normally allowed." *State v. Pratt,* 858 S.W.2d 291, 292 (Mo.App.1993) (internal citation omitted). The State "has considerable leeway to make retaliatory arguments at closing" and it "may retaliate

3. All rule references are to Missouri Court Rules (2009).

to an issue raised by the defense even if [the] comment would be improper." *State v. Sanchez*, 186 S.W.3d 260, 265 (Mo. banc 2006). Here, it was Appellant's counsel who first stated in closing argument that the State had stipulated Appellant had no prior criminal convictions, although such a stipulation had not been introduced at trial. The State was, therefore, well within its rights in rebuttal to address this issue raised for the first time by Appellant in its closing argument.[4] *See Pratt*, 858 S.W.2d at 292; *Sanchez*, 186 S.W.3d at 265. In this instance, the State's closing argument was not improper in that it was rebutting the remarks made by defense counsel that were inaccurate. The trial court did not abuse its discretion by its action. *See Forrest*, 183 S.W.3d at 226. Appellant has failed to prove the trial court's actions rose to the level of manifest injustice or a miscarriage of justice. *See Sanchez*, 186 S.W.3d at 265. Point denied.

The judgment and sentence of the trial court is affirmed.

LYNCH and BURRELL, JJ., concur.

**4.** As previously related, Appellant's counsel later admitted the failure to introduce the stipulation was an error on the part of Appellant's defense team, and that it should have been introduced at trial.