

# Missouri Court of Appeals

### Southern District

### Division Two

STATE OF MISSOURI,                          )
                                            )
      Plaintiff-Respondent,         )
                                            )
vs.                                         )      No. SD32853
                                            )
OSCAR L. HOWELL,                            )      **Filed:  September 22, 2014**
                                            )
      Defendant-Appellant.          )

### APPEAL FROM THE CIRCUIT COURT OF CHRISTIAN COUNTY

Honorable Mark E. Orr, Circuit Judge

### <u>AFFIRMED</u>

Oscar L. Howell ("Appellant") was convicted following a jury trial of one count of domestic assault in the third degree, *see* section 565.074, and one count of unlawful use of a weapon, *see* section 571.030.[1]  Appellant now appeals those convictions, contending that the trial court erred in overruling his objection to a portion of the State's closing argument.  Finding no merit in the claim, we affirm.

---

[1] Appellant's domestic assault conviction arose from a charge of domestic assault in the second degree, *see* section 565.073, which was amended to domestic assault in the third degree.  Appellant was also acquitted of one count of unlawful possession of a firearm, *see* section 571.070, and an additional count of unlawful use of a weapon.  All references to sections 565.073 and 565.074 are to RSMo 2000.  All references to sections 571.030 and 571.070 are to RSMo Cum.Supp. 2010.

1

As Appellant does not challenge the sufficiency of the evidence, we briefly summarize the facts adduced at trial in the light most favorable to the verdict. Around 5:00 a.m., on July 8, 2011, R.M. ("Victim") woke to the sound of Appellant "[b]anging" on Victim's door and "yelling."[2] When Victim answered the door, Appellant stated that he had an upcoming probation violation hearing, that he thought he was going to jail, and that he wanted to see his children. Victim instructed Appellant to leave; Appellant, however, forced his way into the house, knocking Victim down.

Appellant continued to act violently while in the house. Appellant broke a baby gate, which he then threw at Victim; he pushed and kicked Victim in her midsection; and he threatened to harm Victim, as well as himself, with a kitchen knife. Additionally, after tying a tow rope around his neck, Appellant attempted to get Victim to drag him to death with her truck.

At some point during this sequence of events, Appellant ripped Victim's landline phone off the wall. He also "shattered" Victim's cellphone, but she was able to reassemble it and call a friend, who in turn alerted the police. By the time the police arrived, Appellant had fled the scene but was later apprehended. In his subsequent interview with the police, Appellant stated that he "blames [Victim] for his anger" and that "[Victim] controlled him and that she told him to hide [from police]."

During closing argument, defense counsel attempted to discredit Victim's version of events. Defense counsel drew several inferences from the evidence, from which he argued that "[Victim] couldn't even keep her story straight" and that "she wants [Appellant] locked up forever." In concluding his argument, defense counsel asked the

---

[2] Appellant had previously lived with Victim and their three children, but had moved out sometime in March 2011.

jury, "Do you believe anything that comes out of [Victim's] mouth? I don't think so. And you're going to have to ask yourself that." The State then presented its rebuttal, at the beginning of which the following exchange occurred:

> [THE STATE]: This is Oscar Howell on the day that he was arrested for this assault. He does what he does pretty well. He blames other people. And that's exactly what he's doing today. He's not here –

> [DEFENSE COUNSEL]: Judge, we object. That's improper burden shifting.

> THE COURT: Overruled.

> [THE STATE]: He is here because he committed a crime. And when you commit a crime there's consequences. And if you happen to be on probation that's your problem. You should know better.

In his point relied on, Appellant contends that the trial court erred in overruling defense counsel's objection to the State's closing argument. Appellant concedes that he did not include the aforementioned objection in a motion for new trial. Therefore, Appellant requests plain error review under Rule 30.20.[3]

Unless the appellant's claim of error facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has occurred, we will not exercise our discretion to review for plain error. *State v. Thesing*, 332 S.W.3d 895, 899 (Mo.App. S.D. 2011). Plain error is error that is "evident, obvious and clear." *State v. White*, 92 S.W.3d 183, 189 (Mo.App. W.D. 2002). With that being said, we have long held that "'[p]lain error relief as to closing argument should rarely be granted and is generally denied without explanation.'" *State v. Hall*, 319 S.W.3d 519, 523 (Mo.App. S.D. 2010) (quoting *State v. Crowe*, 128 S.W.3d 596, 600 (Mo.App. W.D. 2004)).

---

[3] All rule references are to Missouri Court Rules (2014).

Here, although Appellant's claim of error reiterates the substance of defense counsel's objection, Appellant makes no meaningful attempt to argue how the State engaged in "improper burden shifting."[4] Rather, the apparent crux of Appellant's argument focuses on the State's characterization of the evidence. According to Appellant, "[Victim]'s and [A]ppellant's credibility was critical for the jury to determine. . . . It was improper for the [State] to characterize [A]ppellant's version of events as 'blaming' and plain error for the court to allow it."

Appellant's premise, however, does not amount to a claim of error, plain or otherwise. A prosecutor is free to comment on the evidence and the credibility of a defendant's case during closing argument. *State v. Brown*, 337 S.W.3d 12, 20 (Mo. banc 2011). This extends to the State's view on the evidence and any inference from the evidence which the prosecutor believes in good faith to be justified. *State v. Miller*, 226 S.W.3d 262, 268 (Mo.App. S.D.2007). The prosecutor is given even more latitude when responding to issues raised in the defendant's closing argument. *Id.*

Having every right to do so, defense counsel attempted to discredit Victim's testimony during closing argument. The State, likewise, was well within its right during rebuttal in attempting to refute these attacks. The State's comment that Appellant

---

[4] Appellant does cite to *State v. Copher*, 581 S.W.2d 59, 60 (Mo.App. S.D. 1979), where a defendant had been convicted of striking a police officer engaged in the performance of his duties in violation of section 557.215, RSMo 1969. In that case, the prosecutor had made the following comments during closing argument:

> "Let me tell you what the defendant has to prove. This is what the defendant has to prove. He has to prove by the greater weight of the evidence that at the time and place referred to, he did not know that Steve Ford was an officer of the Joplin Police Department. What I am trying to tell you is this: It's not up to the State to prove that he did know; it's up to the defendant to prove that he did not know."

*Id.* at 61. On appeal, we reversed, finding in part that the comments by the prosecutor "shifted the burden of proof to the defendant on the issue of knowledge" and that the comments amounted to plain error. *Id.* With regard to the instant case, however, Appellant does not explain, and we fail to see, how the State's comments during closing argument are in any way analogous to those found impermissible in *Copher*.

"blames other people" was based in evidence; specifically, Appellant's prior statements that he "blames [Victim] for his anger" and that "[Victim] controlled him[.]"[5] Therefore, the State was free to express its reasonable viewpoint that Appellant, by attempting to discredit Victim's testimony, displayed more of the same characteristic behavior—that is to say, "blam[ing] other people."

Accordingly, the error alleged by Appellant does not facially amount to a manifest injustice or miscarriage of justice, and, therefore, we decline to exercise plain error review. Appellant's point on appeal is denied.

Nancy Steffen Rahmeyer, J. - Opinion Author

Don E. Burrell, J. - Concurs

Mary W. Sheffield, P.J. - Concurs

---

[5] Closing arguments are to be reviewed within the context of the entire record, not just in isolation. *State v. Collins*, 150 S.W.3d 340, 349 (Mo.App. S.D. 2004).