Patricia Breckenridge, Judge
Maverick Holmsley was convicted of two counts of sodomy in the first degree and two counts of attempted sodomy in the *408 first degree, section 566.060.[1] The trial court sentenced him to a five-year prison term on each of the four counts, to be served concurrently.
On appeal, Mr. Holmsley asserts the trial court abused its discretion by overruling his motion for new trial in that the state failed to rebut the presumption he was prejudiced by a juror's attempt to leave during deliberations. He further contends the trial court erred in overruling his objection to the state's closing argument regarding evidence excluded after objection by the state and, therefore, never presented to the jury. Finally, Mr. Holmsley asserts the trial court abused its discretion by failing to give a curative instruction after the state improperly argued during closing that there was more to the definition of "deviate sexual intercourse" than submitted in the jury instructions.
The trial court's failure to give a curative instruction is dispositive of this appeal. By telling the jury in its closing argument that the definition of deviate sexual intercourse also included sexual acts for purposes of sexual gratification, the state instructed the jury contrary to the manner it chose to prosecute Mr. Holmsley for the offenses of first degree sodomy and attempted first degree sodomy. The state's closing argument, therefore, was improper as the state misrepresented the law before the jury by misleading it as to the circumstances under which it could convict Mr. Holmsley of the charged offenses.
Although, prior to closing argument, the trial court gave a cautionary instruction informing the jury it must follow the law as given in the written instructions, the state's closing argument expressly contradicted the cautionary instruction by telling the jury there was more to the definition than provided in the written instructions. And while the trial court sustained Mr. Holmsley's objection to the argument, it did so outside the jury's presence and then declined to give a curative instruction. The state was then permitted to continue discussing the "whole" or "entire" definition of deviate sexual intercourse. Such grossly misleading and confusing statements went to a highly disputed issue at trial - whether Mr. Holmsley's conduct constituted deviate sexual intercourse for purposes of first degree sodomy or attempted first degree sodomy. By failing to give the curative instruction, the trial court allowed the state's misrepresentation of the law to remain uncorrected at the time the jury retired to deliberate. Accordingly, the trial court abused its discretion when it failed to give a curative instruction following the state's improper closing argument. The judgment is reversed, and the case is remanded.
Facts and Procedural Background
In August 2014, Mr. Holmsley was a 17-year-old senior football player at Principia High School. While attending an overnight sports camp at the high school, Mr. Holmsley and four other senior players entered the dorm rooms of six male underclassmen in the middle of the night. The older players held each victim down and inserted or attempted to insert an object or finger into the younger boys' anuses through their clothing.
Mr. Holmsley was subsequently charged with four counts of sodomy in the first degree and two counts of attempted sodomy in the first degree.[2] The indictment *409 stated Mr. Holmsley, "acting with others, knowingly had deviate sexual intercourse with [the victim], by use of forcible compulsion." Mr. Holmsley then filed a motion for a bill of particulars requesting the prosecution state precisely what it "is alleging [Mr.] Holmsley did with respect to each alleged victim and each alleged count." Mr. Holmsley also filed a motion to dismiss alleging section 566.010 is unconstitutionally vague because it does not define the term "terrorizing" in the context of deviate sexual intercourse.
The trial court conducted a hearing on Mr. Holmsley's motions. At the hearing, the parties discussed the two-pronged definition of deviate sexual intercourse, and defense counsel stated the sexual gratification prong was "not alleged" or "at issue" in the case. The state voiced no opposition to such statements, and the parties went on to extensive argument as to what the term "terrorizing" meant and whether the statute was unconstitutionally vague. In a subsequent order, the trial court found the statute to be constitutional but expressly stated: "The defendant is charged with committing these acts 'with the purpose of terrorizing' the victim."
At trial, the verdict directors for each offense, as submitted by the state, instructed the jury "deviate sexual intercourse" meant a sexual act done for the purpose of terrorizing the victim. During closing argument, the defense argued Mr. Holmsley did not commit a "sexual act" because the incident was a prank. In rebuttal, the prosecutor stated, "Defense counsel wants you to look at only part of the definition," but the definition of deviate sexual intercourse "allows for either sexual gratification, which is an option, or done to terrorize."
Mr. Holmsley objected and asserted, outside the hearing of the jury, that the state's argument was improper because the jury was not instructed it could find deviate sexual intercourse on the basis of sexual gratification. The trial court sustained the objection during the bench conference that followed and told the prosecutor to rephrase. When defense counsel requested a curative instruction, the trial court declined. The prosecutor returned to closing argument and made additional comments about the definition of deviate sexual intercourse. But the jury was never instructed to disregard the prosecutor's comment that sexual gratification was part of the definition of deviate sexual intercourse.
The case was sent to the jury. During deliberations, a juror attempted to leave the jury room, stating she was no longer going to deliberate. The bailiff prevented the juror from leaving, and the jury continued its deliberations. Mr. Holmsley's request for a mistrial and inquiry of the jury was overruled. Soon thereafter, the jury returned its verdicts, finding Mr. Holmsley guilty of two counts of sodomy in the first degree and two counts of attempted sodomy in the first degree. The trial court subsequently sentenced Mr. Holmsley to five years in prison on each of the four count. It then ordered the four sentences to be served concurrently.
Mr. Holmsley appealed. After an opinion by the court of appeals, the case was transferred to this Court. Mo. Const. art. V, sec. 10. Mr. Holmsley raises three points on appeal.[3] This Court begins by *410 addressing his third point, as it is dispositive of the appeal.
Improper Closing Argument
Mr. Holmsley asserts the trial court abused its discretion in refusing to give a curative instruction after the state's improper remark during closing argument regarding the definition of deviate sexual intercourse. Mr. Holmsley contends the improper remark was prejudicial because the state inflamed and misled the jury when it introduced the concept of sexual gratification despite the fact he was not prosecuted with committing the offenses on such a basis and, therefore, the jury was not instructed on the element of sexual gratification.
This Court reviews alleged errors during closing argument for abuse of discretion. State v. Deck , 303 S.W.3d 527, 540 (Mo. banc 2010). An abuse of discretion occurs when a defendant is prejudiced such that "there is a reasonable probability that the outcome at trial would have been different if the error had not been committed." Id.
"The State has wide latitude in closing arguments, but closing arguments must not go beyond the evidence presented; courts should exclude statements that misrepresent the evidence or the law, introduce irrelevant prejudicial matters, or otherwise tend to confuse the jury." Id. at 543 (internal quotation omitted). "Misstatements of the law are impermissible during closing arguments, and the trial judge has a duty to restrain such arguments." State v. Anderson , 306 S.W.3d 529, 543 (Mo. banc 2010) ; see also Bradley v. Waste Mgmt. of Mo., Inc., 810 S.W.2d 525, 528 (Mo. App. 1991) ("Misstatements of law are impermissible during closing argument and a trial court has the duty, not discretion, to restrain and purge such arguments."). Missouri courts have held counsel may refer to the instructions given by the court during closing argument, but "counsel may not, directly or indirectly, ask the jury to disregard the instructions, give different instructions, or mislead the jury as to the meaning of the instructions." 2 Jeffery A. Burns, Mo. Practice Series: Litigation Guide § 14.11 (4th ed. 2002).
A person commits sodomy in the first degree when "he or she has deviate sexual intercourse with another person who is incapacitated, incapable of consent, or lacks the capacity to consent, or by the use of forcible compulsion." Section 566.060.1. At the time Mr. Holmsley committed the alleged offense, "deviate sexual intercourse" was statutorily defined as:
[A]ny act involving the genitals of one person and the hand, mouth, tongue, or anus of another person or a sexual act involving the penetration, however slight, of the male or female sex organ or the anus by a finger, instrument or object done for the purpose of arousing or gratifying the sexual desire of any person or for the purpose of terrorizing the victim.
Section 566.010(1) (emphasis added). Deviate sexual intercourse, therefore, could have been committed for the purpose of sexual gratification or for the purpose of terrorizing the victim.
Here, the state prosecuted Mr. Holmsley on the theory he committed the conduct for the purpose of terrorizing the victims. Accordingly, the jury was instructed that, as used in the context of first degree or attempted first degree sodomy, deviate sexual intercourse "means a sexual act involving the penetration, however slight, of the anus by an instrument or object done for the purpose of terrorizing *411 [the victim]." The instructions submitted to the jury did not instruct that deviate sexual intercourse included sexual acts for the purpose of sexual gratification.
However, in rebutting Mr. Holmsley's closing argument that the incident was a prank, not a sexual act, the prosecutor told the jury:
Now, the defense made a big deal, they said this is not a sex act. And I ask you, if this isn't a sex act, what is it? It's not a medical exam. It's a sex act. By definition, this is a sex act. Defense counsel wants you to look at only part of the definition, just like they only showed you part of the video of the interview of the boys with the police. The definition goes on, and it allows for either sexual gratification, which is an option, or done to terrorize.
(Emphasis added). The prosecutor, therefore, gave a different instruction as to the meaning of deviate sexual intercourse during closing argument than the instructions submitted to the jury. By doing so, the state misrepresented the law before the jury and injected misleading and contradictory statements of law into the proceedings. Accordingly, the state's closing argument was improper.[4]
The trial court acknowledged the argument was improper and sustained Mr. Holmsley's objection to the state's closing argument. But Mr. Holmsley contends he was prejudiced by the trial court's failure to remedy the state's improper argument. In particular, Mr. Holmsley asserts the trial court erred in permitting the prosecutor to rephrase and, instead, should have given a curative instruction telling the jury to either disregard the state's comment or to be guided by the instructions as submitted.
After the state's improper argument, defense counsel made an objection and asked to approach. The following colloquy then occurred at the bench, outside the hearing of the jury:
Defense Counsel: Sexual gratification is not an option in this case, and the jury isn't even instructed on that. [The prosecutor] just told them it was an option.
The Court: What was the argument that you - would you rephrase the argument that you just made, because I can't remember.
....
The Prosecutor: Well, [defense counsel] pointed out - he was arguing about that I didn't prove it was a sex act. So I said, well, he only talked about part of the definition.
The Court: Yeah, you said it's not a medical exam.
The Prosecutor: And I said, yes, and if he would go on with the definition, that could have been an option, but we chose -
Defense Counsel: It's not an option.
The Court: No, you can't do that. We can't talk about things that we chose not to put in instructions before the jury.
The Prosecutor: Okay.
The Court: So I'm going to sustain. ...
*412 Defense Counsel: Okay. Well, you sustained my objection. Are you going to instruct them on that, or are we just going to -
....
The Court: In other words, I'm sustaining your objection that [the prosecutor] can't argue things that are not in the jury instructions.
....
Defense Counsel: Oh, no, I understand that. But I mean, the objection that you're sustaining, would you instruct on that or just move on? I mean, because she already said it.
The Court: I'm going to let [the prosecutor] say, I'm going to direct you back to the instruction of law provided by the Court. In other words, I don't like to shake my finger at lawyers.
Defense Counsel: I gotcha.
The Court: But I guess I would point out, I would ask you just to focus on the instruction that we've given them, not what we could have given them, or what we should have given them, but what they have before them. So if you say, I'm going to draw your attention to the instructions of law that you have before you and explain to you why you should convict under them.
The Prosecutor: Okay. So you need me to go back to it?
The Court: Unless you just want me to say, the jury is to be guided by the instructions of law that are before them now, and not what other possibilities could have been.
The Prosecutor: Yeah.
Defense Counsel: That's fine, Judge, we're fine if you instruct.
The Prosecutor: Okay. No, thank you, Judge, I'll just rephrase it. Sure.
Defense Counsel: We would prefer the Court instruct.
The Court: I'm sure you would, but I'm not going to beat people up. I'm going to let her rephrase.
Defense Counsel: Okay. You may rephrase.
The jury was never instructed to disregard the prosecutor's comment that sexual gratification was part of the definition of deviate sexual intercourse. Rather, the state continued its closing argument, stating: "When the defense pointed the sex act wording out, it didn't look at the whole definition. And I ask you to look at the entire definition of deviate sexual intercourse, which goes on to talk about done with - to terrorize."
When determining whether an improper closing argument constitutes an abuse of discretion requiring reversal, Missouri courts have considered "whether the trial court gave a cautionary instruction, whether the court gave a curative type instruction to disregard the improper comment, and the strengths of the state's case." State v. Ware , 793 S.W.2d 412, 415 (Mo. App. 1990). "A trial judge may address an error in argument by giving a curative instruction." State v. Johnson , 22 S.W.3d 183, 191 (Mo. banc 2000).
The record reflects that, prior to closing argument, the jury was given the cautionary instruction that its deliberations should be governed by "the law as given in these instructions." This Court typically presumes a jury follows the instructions as given. State v. Whitfield , 107 S.W.3d 253, 263 (Mo. banc 2003). But even though a cautionary instruction was given, the state expressly contradicted it by telling the jury during closing argument there was more to the definition of deviate sexual intercourse than given in the written instructions.
The state told the jury sexual gratification was "an option." Following such argument, *413 Mr. Holmsley objected. But while the jury heard Mr. Holmsley make the objection, the actual grounds for the objection were made outside the jury's hearing. Likewise, the trial court sustained Mr. Holmsley's objection outside the jury's presence. The jury, therefore, did not even know the grounds for the objection, much less that the trial court ruled the state's argument was improper.
In fact, following the improper argument, the jury was never instructed to disregard the state's comments regarding the definition of deviate sexual intercourse or told to follow the written instructions as given. Rather, the trial court declined to give a curative instruction to that effect as Mr. Holmsley requested.[5] Instead, the state was allowed to proceed with its closing argument, during which it again told the jury the defense did not look at the "whole definition " of deviate sexual intercourse and encouraged the jury to "look at the entire definition " of deviate sexual intercourse. (Emphasis added).[6]
Such statements as to the "whole" or "entire definition" of deviate sexual intercourse are particularly egregious in this case given the extent to which the parties briefed and argued the particulars of the charges against Mr. Holmsley prior to trial. The trial court held an entire hearing regarding the meaning of "terrorizing" in the statute during which the state made no indication it would seek a conviction on grounds the acts were committed for the purpose of sexual gratification. The trial court's order even stated Mr. Holmsley was "charged with committing these acts 'with the purpose of terrorizing' the victim." Therefore, despite Mr. Holmsley never being charged with committing the acts for the purpose of sexual gratification and the absence of such language from the written jury instructions, the state's improper and misleading comment that sexual gratification was an option was never corrected by the trial court.
Moreover, the state's improper argument was directed at the disputed element of the case. Mr. Holmsley never denied his involvement in the incident. Rather, his defense was that the incident was a prank, not a sexual act meant to terrorize. The state's improper argument, therefore, went to the heart of the case. Accordingly, the state's improper comments were not harmless.
The state asserts Mr. Holmsley is not entitled to any relief because he was not prejudiced by the trial court's decision to let the prosecutor rephrase her argument. But the state's own brief identifies the prejudicial effect of the prosecutor's improper argument on the proceedings.
In its brief, the state asserts "it was a reasonable inference from the evidence presented at trial that the boys committed the acts of sodomy both for the purpose of terrorizing the victims and for sexual gratification." The state further asserts: "The jury reasonably could have believed, in *414 light of the evidence, that some sexual gratification component existed in this case, and that is why [Mr. Holmsley] and the other boys chose sodomy as their method of terrorizing the victims." The state even argues: "Just because the jury did not have to find sexual gratification to convict, they [sic] still could believe it was a part of the case."
Such statements exemplify the prejudicial effect of the state's improper closing argument. As the state concedes, a juror could reasonably believe from the evidence Mr. Holmsley committed such conduct for the purpose of sexual gratification and could convict Mr. Holmsley of first degree sodomy or attempted first degree sodomy on such a basis. But the state chose not to pursue a conviction on the basis of sexual gratification and, save for its improper closing argument, the jury would have never been informed it could convict Mr. Holmsley on such grounds. The state, therefore, introduced misleading information to the jury that, by the state's own admission, had the potential to affect the outcome of the jury's deliberation but was never corrected by any curative instruction from the trial court.
By failing to give a curative instruction, the trial court allowed the state's misstatement of the law with respect to the disputed issue of the case to remain uncorrected at the time the jury retired to deliberate and permitted the jury to convict Mr. Holmsley on a basis for which he was not charged with committing the offenses. Accordingly, the state's improper closing argument was prejudicial, and the trial court abused its discretion by failing to issue a curative instruction under the facts and circumstances of this case.
Conclusion
The trial court abused its discretion by failing to correct the state's improper argument regarding the definition of deviate sexual intercourse. The judgment is reversed, and the case is remanded.
Draper, Wilson, Russell and Stith, JJ., concur;
Powell, J., dissents in separate opinion filed;
Fischer, C.J., concurs in opinion of Powell, J.
DISSENTING OPINION
W. Brent Powell, Judge
I respectfully dissent. The State's rebuttal argument did not warrant a curative instruction. A reasonable interpretation of the transcripts from all the closing arguments clearly establishes the State was attempting to explain that the definition of "deviate sexual intercourse" provides the act or deed could be committed with the intent to terrorize -- without the need to show sexual gratification. Holmsley suggested in his closing arguments that the incident was a prank and not a sexual act, and, in response, the State argued it did not have to establish Holmsley committed the act for sexual gratification. This was a proper rebuttal argument. Moreover, Holmsley never objected to the State's rephrasing of its argument in response to the circuit court's ruling. For these reasons, the circuit court did not abuse its discretion, and the judgment should be affirmed.
At the very center of this dispute is the following argument made by the State:
Now, the defense made a big deal, they said this is not a sex act. And I ask you, if this isn't a sex act, what is it? It's not a medical exam. It's a sex act. By definition, this is a sex act. Defense counsel wants you to look at only part of the definition, just like they only showed you part of the video of the interview of the *415 boys with the police. The definition goes on, and it allows for either sexual gratification, which is an option, or done to terrorize.
The principal opinion contends this argument "misrepresented the law before the jury" because it suggests Holmsley could commit the act for sexual gratification, not to terrorize. But put in context with Holmsley's earlier argument suggesting Holmsley committed a prank and not a sexual act, the more reasonable interpretation of the State's argument is Holmsley committed the act to terrorize and not to gratify his sexual desires. When the State argued "the definition goes on and it allows for either sexual gratification, which is an option, or done to terrorize," it was responding to Holmsley's argument and attempting to explain Holmsley could be found guilty even if the jury believed he did not commit the "sex act" for sexual gratification. While it may have been confusing for the State to use the phrases "the definition goes on" and "only part of the definition" because the definition of deviate sexual intercourse submitted to the jury did not include the term "sexual gratification,"[1] this did not warrant a curative instruction. In making this argument, the State was not misrepresenting the law as the principal opinion suggests but was merely imploring the jury not to consider sex or sexual gratification when considering its verdict, despite Holmsley's characterization of the crime as a sexual act.
The circuit court has complete discretion in this situation. "The trial judge may address an error in argument by giving a curative instruction." State v. Johnson , 22 S.W.3d 183, 191 (Mo. banc 2000) (emphasis added). The circuit court was not required to give a curative instruction and surely did not abuse its broad discretion by refusing to give one. See State v. Deck , 303 S.W.3d 527, 540 (Mo. banc 2010) ("The trial court is vested with broad discretion ... to control closing arguments."). Even if the State's argument could be construed to suggest Holmsley could be found guilty if he committed the offenses for sexual gratification as the principal opinion suggests, the circuit court retains broad discretion to determine if a curative instruction is necessary, and the circuit court did not abuse its discretion in this instance.
Further, as the principal opinion points out, the circuit court sustained Holmsley's objection and directed the State to correct any perceived error in its argument. While the circuit court did not "instruct" the jury as Holmsley requested, the circuit court specifically instructed the State as follows: "I'm going to let [the prosecutor] say, 'I'm going to direct you back to the instruction of law provided by the Court.' " The State then continued with its rebuttal argument and failed to mention the jury instruction. Holmsley made no further objection. If the State's response was insufficient to correct the previous alleged errant argument, Holmsley did not give the circuit court an opportunity to correct any alleged error.
"The standard of review for alleged error in closing argument depends upon whether defense counsel objects." State v. Hall , 319 S.W.3d 519, 522 (Mo. App. 2010). "[F]ailure to properly object to closing argument at the time it is made to a jury results in a waiver of any right to complain of the argument on appeal, even if the point is preserved in an after trial motion." Id. Because the circuit court was not given the opportunity to correct any further errant arguments by the State, the error is not preserved for review. Id.
*416 The record indicates the State was merely trying to explain that, although Holmsley was characterizing the crime as a prank and not a sexual act, the charged offenses had nothing to do with sexual gratification but instead were done to terrorize. The principal opinion not only overlooks this more reasonable interpretation of the State's rebuttal argument, but it also ignores the broad discretion given to circuit courts in determining when a curative instruction is necessary. See Johnson , 22 S.W.3d at 191. A curative instruction was not necessary, and even if some corrective action was necessary, Holmsley never objected to the adequacy of the State's response to the circuit court's order to direct the jury back to the instructions. Accordingly, I would affirm the judgment of the circuit court.[2]

All statutory citations are to RSMo Supp. 2013, unless otherwise noted.

Mr. Holmsley was originally charged with six counts of sodomy in the first degree. The state subsequently filed an information in lieu of an indictment charging Mr. Holmsley with four counts of sodomy in the first degree and two counts of attempted sodomy in the first degree. Prior to trial, the state nolle prossed two of the first degree sodomy counts.

Mr. Holmsley also claims the trial court abused its discretion in (1) overruling his motion for new trial based on presumptively prejudicial juror misconduct; and (2) overruling his objection to the state's closing argument regarding letters excluded from evidence. This Court does not address the merits of these points.

The dissenting opinion asserts the state's closing was "a proper rebuttal argument" because "the more reasonable interpretation" of the state's argument is Mr. Holmsley "committed the act to terrorize not to gratify his sexual desires." Regardless of whether that was the intent of the state's closing argument, it still does not excuse the fact the state did so by introducing misleading and contradictory statements of law into the closing argument. The trial court acknowledged as much by properly sustaining Mr. Holmsley's objection, and the state does not contend the trial court erred by sustaining the objection.

While defense counsel stated, "Okay. You may rephrase," defense counsel made such statement only after the trial court rejected his request for a curative instruction and ruled it was going to let the state rephrase.

The dissenting opinion faults Mr. Holmsley for failing to object after the state was allowed to "rephrase" its argument. But Mr. Holmsley is specifically challenging the trial court's failure to give a curative instruction, not the state's argument after his objection was sustained. And trial courts have a duty to restrain and purge misstatements of the law during closing argument. Anderson , 306 S.W.3d at 543. Under the circumstances of this case, in which Mr. Holmsley's objection to the state's improper argument was sustained outside the hearing of the jury, the trial court had a duty to correct the prosecutor's misstatement of the law that the offenses could be committed for the purpose of sexual gratification.

The definition of "deviate sexual intercourse" at the time Holmsley committed the offenses provided the act or deed of penetration could be done either for the purpose of gratifying the sexual desire of any person or for the purpose of terrorizing the victim. See § 566.010(1); MAI-CR3d 333.00.

Holmsley's remaining points also do not merit reversal.