

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FIVE

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED110489 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Charles County |
| vs. | ) | |
| | ) | Honorable Daniel G. Pelikan |
| MARCELL FOSTER, | ) | |
| | ) | |
| Appellant. | ) | FILED: June 20, 2023 |

## Introduction

Marcell Foster ("Foster") appeals from the trial court's judgment following a jury conviction on murder in the first degree and armed criminal action. Foster raises two points on appeal, alleging the trial court plainly erred in sua sponte failing to intervene during the State's closing argument. Specifically, Point One argues the State made an improper acquittal-first argument. Point Two contends the State's reference to the Bible implied the jury should disregard the jury instructions. Because the State's closing argument did not improperly require the jury to unanimously acquit Foster of first-degree murder before considering the lesser-included offenses, the State did not present an acquittal-first argument, and we deny Point One. Because the single, isolated reference to the Bible's teachings within the context of an otherwise permissible argument did not rise to the level of manifest injustice, we deny Point Two. Accordingly, we affirm the trial court's judgment.

## Factual and Procedural History

On December 26, 2020, Foster was involved in an altercation between multiple people in the parking lot of a bar in St. Charles. The shooting incident was captured on surveillance video. Foster fired several shots at Victim and continued shooting after Victim fell. Victim did not display or possess a weapon and had been moving away from Foster at the time he was shot. The police arrived and arrested Foster. The State charged Foster with first-degree murder and armed criminal action arising out of the shooting death of Victim.

The case proceeded to a jury trial. Foster testified that he shot Victim in self-defense or in defense of another. The trial court instructed the jury on first-degree murder and the lesser-included offenses of second-degree murder and voluntary manslaughter (Instructions Nos. 9, 10, and 11, respectively). Instruction No. 10 stated that "[a]s to Count 1, if you do not find the defendant guilty of murder in the first degree, you must consider whether he is guilty of murder in the second degree." Instruction No. 11 likewise stated, "[a]s to Count 1, if you do not find the defendant guilty of murder in the second degree, you must consider whether he is guilty of voluntary manslaughter." The trial court also instructed the jury on self-defense and defense of others.

During closing argument, the State argued that it satisfied its burden to prove every element of first-degree murder. After outlining the evidence supporting each element, the State said:

> Now if we've met our elements here, and I submit to you this is—again, this one is a no-brainer, ladies and gentlemen. Game over. We're done. You do not even consider Instruction No. 10. You don't even get to No. 10. I told you the other day you start at Murder 1. Now, in due diligence, I'm going to explain No. 10 to you.

2

The State then walked the jury through the instructions on the lesser-included offenses. The State explained that "[i]f you do not find him guilty of murder in the first degree, you'll consider murder in the second degree." Regarding voluntary manslaughter, the State continued:

> Anyway, again, *you don't even get to that unless you've eliminated Murder in the First Degree.*
> . . .
> Here's our voluntary manslaughter. You have not found—you have not found him guilty of Murder First Degree or Murder Second Degree, so now you're really getting down into the weeds here. Caused the death. Some of the elements are similar. No self-defense. Here's what I want to harp, though. *You don't even get to this unless you've eliminated Murder First Degree and Murder Second Degree.* That's the point. Of course, we have these elements. Of course, we have all of these elements that are satisfied, but my point is you don't even get that far down the elevator. That's in the basement here.
>
> *You don't get to the basement, this charge, unless you've eliminated Murder First Degree [and] Murder Second Degree. Okay?*

(Emphasis added).

Also during closing argument, the State explained that serious physical injury was something "that potentially could kill you, not a fistfight where people are knocking each other down." The State argued the evidence showed Victim did not possess or display a weapon. The State said: "Think of the alternative. Anytime two people get in a fight, wrestling, whatever, altercation, anyone can just go up and start blasting away. That's absurd." Towards the end of closing argument, the State said:

> Keep in mind [Victim] is moving away from his shooter. He's moving away from his murderer. He's moving away from his killer. Not once does [Victim] have any aggressive action toward the Defendant. Not one time. The fight is over by the way. Fight is over. The two bouncers, you see in the video, break it up. We heard from one [bouncer]. Broke it up. Fight is over. We have fights all the time. People don't pull guns and start blasting. Absolutely not. Fight's over. Situation is over. Some trash talking. Big deal. *We learned years ago the Bible teaches us you just can't start blasting away over chatter.* Can't do it.

(Emphasis added).

3

The jury found Foster guilty of first-degree murder and armed criminal action as charged. The trial court sentenced Foster to consecutive prison terms of life without parole on first-degree murder and fifteen years on armed criminal action. Foster moved for a new trial on different grounds than those raised now on appeal, and the trial court denied the motion.

## Points on Appeal

Foster raises two points on appeal. Point One claims the trial court plainly erred in sua sponte failing to correct the State's closing argument that the jury must "eliminate" the first-degree murder offense before considering the lesser-included offenses because that phrase constituted an improper acquittal-first argument. Point Two contends the trial court plainly erred in sua sponte failing to correct the State's closing argument that "the Bible teaches us you just can't start blasting away over chatter" because it directly or indirectly asked the jury to disregard the jury instructions.

## Standard of Review

Foster did not object to the State's closing argument nor raise his claims regarding closing argument in his motion for new trial. "Only an objection made timely at trial will preserve an issue for appeal." State v. Minor, 648 S.W.3d 721, 729 (Mo. banc 2022) (internal citation omitted). Foster requests we exercise discretionary plain-error review. "Rule 30.20[1] is the exclusive means by which an appellant can seek review of any unpreserved claim of error[.]" Id. at 731 (quoting State v. Brandolese, 601 S.W.3d 519, 530 (Mo. banc 2020)).

We conduct plain-error review in two steps. First, we determine "whether the claim of error facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted." Id. (quoting Grado v. State, 559 S.W.3d 888, 899 (Mo. banc 2018)).

---

[1] All Rule references are to Mo. R. Crim. P. (2022).

4

"All prejudicial error, however, is not plain error, and plain errors are those which are evident, obvious, and clear." Id. (quoting Grado, 559 S.W.3d at 899). Second, if we find plain error, we must determine "whether the claimed error resulted in manifest injustice or a miscarriage of justice." Id. (quoting Grado, 559 S.W.3d at 900). "To obtain a new trial on direct appeal based on a claim of plain error, the appellant must show 'the error was outcome determinative.'" State v. Johnson, 599 S.W.3d 222, 226 (Mo. App. W.D. 2020) (quoting State v. Wood, 580 S.W.3d 566, 579 (Mo. banc 2019)).

## Discussion

### I.      Reviewing Claims of Plain Error in Closing Argument

Foster acknowledges that unpreserved errors in closing argument rarely rise to the level of reversible plain error. See id. at 227 (quoting Wood, 580 S.W.3d at 579). "It has long been held that '[p]lain error relief as to closing argument should rarely be granted and is generally denied without explanation.'" State v. Hall, 319 S.W.3d 519, 523 (Mo. App. S.D. 2010) (internal quotation omitted). "Courts especially hesitate to find plain error in the context of closing argument because the decision to object is often a matter of trial strategy, and in the absence of objection and request for relief, the trial court's options are narrowed to uninvited interference with summation and a corresponding increase of error by such intervention." State v. Reese, 632 S.W.3d 365, 378 (Mo. App. W.D. 2021) (quoting State v. Edwards, 116 S.W.3d 511, 536 (Mo. banc 2003)). Even if the State's argument is deemed improper, "reversal is warranted only if the defendant shows the improper argument 'had a decisive effect on the jury's determination.'" Johnson, 599 S.W.3d at 227 (quoting Wood, 580 S.W.3d at 579); Reese, 632 S.W.3d at 378 (quoting Edwards, 116 S.W.3d at 536–37).

####      A.      Point I: The State Did Not Make an Improper Acquittal-First Argument

5

An acquittal-first argument is a misstatement of the law. Johnson, 599 S.W.3d at 226 (quoting Tisius v. State, 183 S.W.3d 207, 217 (Mo. banc 2006)). "Missouri's instructions on lesser-included offenses do not require that the defendant first be acquitted of the greater offense before the jury can consider the lesser offense." Id. (quoting Tisius, 183 S.W.3d at 217). Rather, the Missouri Approved Instructions–Criminal ("MAI-CR") provide that a jury *may* consider lesser-included offenses *if* it does not find the defendant guilty of the greater offense. Id. (citing MAI-CR 3d 313.04). The State "must avoid using terms or phrases that plainly fall into the category of acquittal-first arguments." Johnson, 599 S.W.3d at 232 n.5. "Telling a jury [it] must first find a defendant not guilty of a greater offense before lesser-included offense instructions can be reached is plainly an improper acquittal-first argument." Id.

Johnson considered and denied a similar appeal alleging plain error in the State's closing argument, which told the jury it could consider the lesser-included offense "only . . . if you find [the defendant] is *not guilty* of murder first degree." Id. at 226 (omission in original) (emphasis added). Johnson determined the State's argument was an improper acquittal-first argument because it required the jury to unanimously acquit the defendant of a charged offense before considering a lesser-included offense, which is not the law. Id.

Johnson distinguished the challenged statement from the one made in Tisius, in which the State told the jury that "[y]ou look at murder second if and only if you do not believe that we proved [the essential elements of first-degree murder] beyond a reasonable doubt." Id. at 228 (alterations in original) (quoting Tisius, 183 S.W.3d at 216). Although Tisius did not hold whether the State's argument was an acquittal-first argument, Johnson noted the statement there was consistent with the jury instruction on lesser-included offenses and appeared to adequately

6

state the law because it did not require the jury to acquit the defendant of first-degree murder before considering second-degree murder. Id. at 228 n.1.

Here, the State's closing argument is clearly distinguishable from the acquittal-first argument made in Johnson. The closing argument made in this case is more akin to the closing argument made in Tisius. Unlike the argument in Johnson, the State never told the jury it must affirmatively find the defendant not guilty of first-degree murder before it could consider the lesser-included offenses. See id. at 226. Instead, the State here first mirrored the language in Instruction No. 10, which tracked MAI-CR 414.04,[2] and told the jury: "if you do not find [Foster] guilty of murder in the first degree, you'll consider murder in the second degree." The State went on to say with regard to the lesser-included offense of voluntary manslaughter that "[y]ou don't even get to this unless you've eliminated murder first degree and murder second degree" and "[y]ou don't get to the basement, this charge, unless you've eliminated murder first degree [and] murder second degree, okay?"

Foster maintains that the State's repeated use of the word "eliminated" constituted an acquittal-first argument. Specifically, because deliberation for first-degree murder was a contested element, Foster reasons the verdict was undermined when the State told the jury it had to "eliminate" the first-degree murder count before considering the lesser included offenses (and to "eliminate" second-degree murder before considering voluntary manslaughter). When viewing these challenged statements in light of the full closing argument, as we must, we are persuaded the State's use of the word "eliminated" did not improperly instruct the jury that it must acquit Foster of first-degree murder before considering the lesser-included offenses (or that

---

[2] MAI-CR 4th 414.04 (2017) provides for murder in the second-degree: "(As to Count ____, if) (If) you do not find the defendant guilty of murder in the first degree, you must consider whether he is guilty of murder in the second degree (under this instruction)."

7

it must acquit Foster of second-degree murder before considering voluntary manslaughter). See Reese, 632 S.W.3d at 378 (quoting Edwards, 116 S.W.3d at 537) ("Closing arguments must be interpreted with the entire record rather than in isolation."). A review of the record shows the jury was never told it had to find Foster not guilty of first-degree and second-degree murder in order to "eliminate" the first-degree and second-degree murder charges. Rather, the first-degree and second-degree murder charges would be "eliminated" if the jury could not reach unanimous agreement as to whether Foster was guilty of first-degree or second-degree murder. This argument accurately tracks MAI-CR 414.04 and correctly states the law. While the term "eliminate" is not as precise as the language of MAI-CR 414.04, the State's closing argument did not cross the line and does not amount to an improper acquittal-first argument. See Johnson, 599 S.W.3d at 226 (quoting Tisius, 183 S.W.3d at 217).

Because we do not find error that is evident, obvious, and clear, we need not review whether the error had a decisive effect on the jury's determination amounting to manifest injustice. See Minor, 648 S.W.3d at 731 (quoting Grado, 559 S.W.3d at 900); Johnson, 599 S.W.3d at 229 (quoting Wood, 580 S.W.3d at 580) (finding the State's improper but isolated acquittal-first argument was not outcome-determinative and thus did show manifest injustice rising to the level of reversible plain error). Point One is denied.

B.    Point II: No Plain Error from Bible Reference

Foster next challenges the trial court's failure to intervene when the State commented in its closing argument comment that "[w]e learned years ago the Bible teaches us you just can't starting blasting away over chatter." Foster characterizes this sentence as an improper argument that obscured the trial court's instructions on Missouri law. Foster further argues the State's comment was problematic because it implied that finding Foster acted in lawful defense of

8

another person goes against the teaching of the Bible, thus potentially forcing jurors to choose between following the trial court's instructions and their religion. We are not persuaded that the State's single, isolated reference to the Bible's teachings, within the context of an otherwise permissible argument deeply rooted in Missouri law, amounts to reversible plain error. See Hall, 319 S.W.3d at 523 (internal quotation omitted) (requiring an appellant establish "a sound, substantial showing that manifest injustice or a miscarriage of justice will result" to reverse for plain error during closing argument).

Foster suggests that State v. Debler, 856 S.W.2d 641 (Mo. banc 1993) mandates reversal in this case. In Debler, "the State invoked [Biblical] references; then the defense put a 'spin' on them, and then the State twisted them again in rebuttal." Id. at 656. Both parties caused their closing arguments to become "one of competing theologies and histories, obscuring the instructions of the court." Id. Debler did not reach a holding as to whether Biblical references made during closing argument warrant reversal for plain error because it reversed the defendant's sentence (but not his conviction) on other grounds. Id. Regardless, the facts here are readily distinguishable from Debler, as Foster identifies only a single, isolated mention of the Bible from the entire closing argument. Certainly, "[p]arties should avoid excessive reference to the Bible." State v. Shurn, 866 S.W.2d 447, 464 (Mo. banc 1993) (citing Debler, 856 S.W.2d at 656). However, the Supreme Court held that an *"isolated reference [to the Bible] does not rise to the level of plain error."* Id. (emphasis added) (finding the State's isolated and unobjected-to reference in closing argument to the Biblical proverb "an eye for an eye" did not amount to plain error); see also State v. Clark, 975 S.W.2d 256, 265 (Mo. App. S.D. 1998) (finding defense counsel was not ineffective for failing to object to the State's closing argument statement that the defendant violated "God's law" because it is reasonable strategy to forgo an objection where the

9

damage from the objectionable comment is minimal and there is no assurance an objection would be sustained).

Additionally, "the entire record is considered when interpreting a closing argument, not an isolated segment." State v. McFadden, 369 S.W.3d 727, 747 (Mo. banc 2012) (internal quotation omitted). The State's isolated comment occurred within a closing argument that was consistent with Missouri law, restated recently by this Court, which holds that "[w]ords alone are insufficient to support a claim of self-defense." State v. Bruner, 541 S.W.3d 529, 538 (Mo. banc 2018) (internal citation omitted); State v. Sinks, 652 S.W.3d 322, 339 (Mo. App. E.D. 2022) (internal quotation omitted). As Foster acknowledges, the trial court instructed the jury that the attorneys' closing arguments are not evidence. See Hall, 319 S.W.3d at 523 (quoting State v. Forrest, 183 S.W.3d 218, 226 (Mo. banc 2006)). And "[t]he jury is presumed to follow the trial court's instructions." McFadden, 369 S.W.3d at 752 (internal citation omitted). Foster has not met his burden to prove the decisive effect of the alleged Bible reference on the verdict. See Johnson, 599 S.W.3d at 226 (quoting Wood, 580 S.W.3d at 579). Point Two is denied.

## Conclusion

The judgment of the trial court is affirmed.

KURT S. ODENWALD, Judge

Michael E. Gardner, C.J., concurs.
Renée Hardin-Tammons, J., concurs.

10